ADDISON A. REEVE *vs.* HERBERT E. DENNETT.

Suffolk.   Jan. 18. — June 26, 1884.   C. ALLEN & HOLMES, JJ., absent.

In an action for money lent, oral evidence is admissible to show that a transfer of stock, absolute in its terms, by the defendant to the plaintiff, was intended only as collateral security for the payment of a loan.

In an action for money lent, the payment of which is secured by a transfer of stock by the defendant to the plaintiff, the question whether the plaintiff, by an unauthorized sale of the stock, has incurred the liability imposed by the Pub. Sts. *c.* 203, § 72, is not involved.

If A. borrows money for B., the payment of which is secured to the lender by a transfer of stock furnished by B., to whom the money so borrowed is paid by A., this does not constitute a loan by A. to B., to recover which A. can maintain an action against B., before A. has repaid the money which he borrowed, or has sustained some loss.

In an action for money lent, the payment of which was secured by a transfer of stock by the defendant to the plaintiff, the latter testified, in his direct evidence, that, on a day named, the defendant transferred a certain number of shares of the stock to him to sell to one K., who, as the plaintiff told the defendant, was making inquiries about the stock. The defendant, in his testimony, contradicted this evidence. The plaintiff was allowed, against the defendant's objection, to testify in rebuttal, that, on the day before the one named, he brought K. to the defendant's office, and that K. and the defendant had an interview. *Held,* that the order of the admission of the evidence objected to was within the discretion of the presiding judge, and not subject to exception; and that it could not be said that the evidence, although of slight importance, was not admissible.

The judge presiding at a trial is not bound, as matter of law, to set aside a verdict, because, in his opinion, it is against the weight of the evidence.

COLBURN, J.   1. In the first count of his declaration in this case, the plaintiff seeks to recover $3000, which he alleges he lent to the defendant. Certain transfers of stock, absolute in

their terms, had been made by the defendant to the plaintiff. The plaintiff contended that these transfers were made as collateral security for the loan. The contention of the defendant was, that the $3000 was paid as the consideration in the purchase of the stock, and that the transfers were, what they purported to be, evidence of absolute sales of the stock, which was conclusive between the parties. The defendant requested the court to rule and instruct the jury, in effect, that it was not competent for the plaintiff to show by parol evidence that these transfers were designed as collateral security for a debt from the defendant to the plaintiff. This ruling was refused; and the defendant excepted.

In *Harper* v. *Ross*, 10 Allen, 332, it was held that a formal bill of sale could not, in an action at law between the parties, be shown, by parol evidence, to have been given as collateral security; and this decision has been affirmed in *Pennock* v. *McCormick*, 120 Mass. 275, and in *Philbrook* v. *Eaton*, 134 Mass. 398. It is to be observed that, in each of these cases, the title to the property under the bills of sale was directly in issue.

It is held that, in equity, a transfer of stock by an instrument, absolute in its terms, may be shown by parol evidence, in a suit between the parties to the transaction, or their legal representatives, to have been in reality a transfer as collateral security for a debt. *Newton* v. *Fay*, 10 Allen, 505. *Brick* v. *Brick*, 98 U. S. 514.

It has been held that, in a suit to recover for supplies furnished to a vessel, the holder of a bill of sale of the vessel, absolute in its terms, may show by parol evidence that it was only given as collateral security for a debt, as affecting the question of his liability for the supplies. *Howard* v. *Odell*, 1 Allen, 85. *Blanchard* v. *Fearing*, 4 Allen, 118.

In the case at bar, the question of the title to the stock was not directly in issue. The issue was whether the money advanced was advanced as a loan, or in payment for the stock. We are of opinion that, upon this issue, it was open to the plaintiff to show by parol evidence that the real transaction was such that, in equity, it would be held that the transfers were designed as collateral security only. The terms of the transfers

were important evidence to sustain the defendant's claim, that the money was advanced for the purchase of the stock, but were not conclusive upon the question. For these reasons, the defendant was not entitled to the ruling requested.

2. We do not think the defendant was entitled to the instruction requested as to the criminal liability of the plaintiff, under the Pub. Sts. *c.* 203, § 72, for an unauthorized sale of the stock. His criminal liability was not involved in this action. It is by no means clear that a debt payable on demand is not due and payable before a formal demand, within the meaning of that statute. A demand would not have been necessary, before bringing an action to recover the debt. If the plaintiff was criminally liable, the whole significance of such fact, in this case, would depend upon his knowledge of his criminal liability at the time he transferred the stock, and a ruling of the court would furnish but little aid upon that question.

3. If the defendant employed the plaintiff to raise money for him on stock furnished by the defendant, to be used as collateral security, and the plaintiff raised money on the stock, as collateral security for his promise to repay it, and passed the money over to the defendant, this would not constitute a loan from the plaintiff to the defendant, which he could bring an action to recover, before he had paid out anything. The obligation of the defendant was to indemnify him against any loss he might sustain in the transaction, and perhaps to compensate him for his services. But until he had repaid the money he had borrowed on the stock, or sustained some loss, he had no ground of action to recover from the defendant the money he had raised for him; and the jury should have been so instructed. For this reason, the exceptions must be sustained.

4. The time at which the testimony of the plaintiff in relation to the interview between the defendant and Knowles * was

---

* The plaintiff testified, in his direct evidence, that, on June 1, 1880, the defendant transferred to him one hundred and sixty shares of the stock to sell to one Knowles, who, as he told the defendant, was making inquiries about the stock. The defendant, in his testimony, contradicted this evidence. The plaintiff was allowed, against the defendant's objection, to testify in rebuttal. that, on May 31, 1880, he brought Knowles to the defendant's office, and that Knowles and the defendant had an interview.

admitted, was within the discretion of the court, and not sub-
ject to exceptions; *Huntsman* v. *Nichols*, 116 Mass. 521; and
though the fact of the interview was of slight ·importance, we
cannot say that it was entirely insignificant as bearing upon the
dispute between the parties.

5. The contention of the defendant, that· he was entitled, as
matter of law, to a new trial, upon the statement of the judge
that he was of opinion that the verdict was against the weight
of the evidence, cannot be sustained. A judge has a right to
set aside a verdict, which, in his opinion, is against the weight
of the evidence, and in some cases it is his duty to do so ;·but
whether he shall do so in any given case is a question addressed
to his judicial discretion. To require him, as matter of law,
to set aside every verdict which is, in his opinion, against the
weight of the evidence, would result practically in the trial of
facts by the court instead of the jury. A consideration which
should influence a judge in deciding the question of granting a
new trial, on the ground that the verdict is against the weight
of the evidence, cannot be better stated than in the language
of Chief Justice Shaw in *Cunningham* v. *Magoun*, 18 Pick. 13:
" Where the question is purely matter of fact, where there is
evidence for the minds of the jury actually and fairly to weigh
and balance, where presumptions are to be raised and inferences
drawn, and the jury may be presumed fairly to have exercised
their judgment, a court will not feel at liberty to set a verdict
aside, although upon the same evidence they would have decided
the other way."                              *Exceptions sustained.*

*D. E. Ware*, for the defendant.

*R. M. Morse, Jr.*, (*W. H. Towne* with him,) for the plaintiff.