WALLACE W. BUTMAN & another *vs.* H. F. HOWELL.

Suffolk.    Jan. 14. — Feb. 25, 1887.    HOLMES & GARDNER, JJ., absent.

In an action for goods sold by the plaintiff to the defendant, the answer to which was a general denial and payment, the delivery of the goods was not denied by the defendant; and the transfer of stock in a corporation, from the defendant to the plaintiff after the delivery of the goods, was not denied by the plaintiff. The defendant contended, and testified, that the transfer was made in payment for the goods, in pursuance of an agreement, under which the goods were delivered, that the stock should be taken in payment.   The plaintiff testified that a third person, who owned fifty of the one hundred shares for which the certificate was issued, came to the plaintiff and took up his fifty shares, and gave a new certificate for the defendant's shares, such person being the secretary and treasurer of the corporation issuing the stock.   *Held,* that the defendant had no ground of exception to the admission of this evidence.

In an action for goods sold, if the defendant rests his defence upon oral evidence that a transfer of stock, absolute on its face, from the defendant to the plaintiff, after the delivery of the goods, was intended as payment for the goods, it is competent for the plaintiff to contradict this by oral evidence that the stock was taken as collateral security for such payment.

In an action for goods sold, the defendant has no ground of exception to a refusal of the judge to rule that, if certain stock, transferred by the defendant to the plaintiff after the delivery of the goods, was taken by the plaintiff as collateral security, and had not been tendered back to the defendant, the action could not be maintained.

W. ALLEN, J. This action is to recover the price of goods sold by the plaintiffs to the defendant. The answer is a general denial, and payment. The delivery of the goods was not denied by the defendant. The transfer of stock in a corporation from the defendant to the plaintiffs, after the delivery of the goods, was not denied by the plaintiffs. The defendant contended, and testified, that the transfer was made in payment for the goods, in pursuance of an agreement, under which the goods were delivered, that the stock should be taken in payment. The ground of the objection by the defendant to the testimony of the plaintiffs as to the change in the certificate of stock after the transfer to the plaintiffs, is not obvious. This testimony was, that one Hammond, who owned fifty of the one hundred shares for which the certificate was issued, came to the plaintiffs and took up his fifty shares, and gave a new certificate for the defendant's fifty shares, Hammond being secretary and treasurer of the corporation issuing the stock. Its only relevancy was to show that the stock was transferred to the plaintiffs; and that was contended by the defendant, and testified to by him. He could not have been prejudiced by the evidence.

The plaintiffs testified that the stock was transferred to them after the sale and delivery of the goods, as collateral security for the price. The defendant objects that it was not competent to prove by oral evidence that the transfer, absolute on its face, was intended as collateral security. The defendant rests his defence upon oral evidence that the stock was taken in payment; it is clearly competent for the plaintiffs to contradict this by oral evidence that the stock was taken as security. *Reeve* v. *Dennett*, 137 Mass. 315, is directly in point.

The court properly refused to rule that, if the stock was taken by the plaintiffs as security, and had not been tendered back to the defendant, the action could not be maintained.

The ruling, that, upon the facts appearing, the plaintiffs are not deprived of their right to maintain the action, was correct. The argument against it is based upon assumptions which are not "facts herein appearing." *Exceptions overruled.*

*V. J. Loring*, for the defendant.

*N. B. Bryant*, for the plaintiffs.