MARCUS KLEMMER *vs.* ENSIGN MORSE.

Hampden.    January 11, 1927. — January 12, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Evidence,* Extrinsic affecting writing.    *Mortgage,* Assignment.

Where, at the trial of an action for money lent, it appears that at the same time when the plaintiff gave money to the defendant, the defendant assigned a mortgage to the plaintiff by a writing unqualified in its terms, and delivered to him the note which the mortgage secured, indorsed by him under the words, "without recourse to me," the plaintiff properly may be permitted to introduce parol evidence to show that the assignment and delivery of the note and mortgage were as collateral security for the loan and not as a sale in return for the money he paid the defendant.

CONTRACT.    Writ in the District Court of Springfield dated March 24, 1925.

Facts appearing at the trial in the district court are stated in the opinion.    There was a finding for the plaintiff in the sum of $1,586.50, and the case was reported to the Appellate Division for the Western District, who dismissed the report. The defendant appealed.

The case was submitted on briefs.

*T. H. Stapleton & C. J. Feriole,* for the defendant.

*J. B. Ely, W. C. Giles, & W. A. McDonough,* for the plaintiff.

BY THE COURT.    This is an action of contract in which the plaintiff seeks to recover money lent by him to the defendant.    There was evidence tending to show that a junior mortgage with the note thereby secured had been transferred by the defendant to the plaintiff by assignment in writing unqualified in terms; that the note was payable to the defendant who indorsed it on the back under the

words "Without recourse to me"; and that simultaneously with the delivery of the mortgage, note and assignment to the plaintiff he had given money to the defendant. The plaintiff contended that the mortgage and note were transferred to him as collateral security for the payment of the loan; while the defendant contended that the money was paid as consideration for the purchase of the mortgage and note, and that the transfer was an absolute sale conclusive between the parties. It was agreed that the property described in the junior mortgage had been foreclosed under power of sale contained in a first mortgage and that there was no surplus to be applied in payment of the amount due on the junior mortgage.

The single question is, whether parol evidence was admissible to show that the assignment of the junior mortgage absolute in form was given as collateral security in the absence of a written agreement showing that the transaction was in fact a loan.

It is settled by *Reeve* v. *Dennett*, 137 Mass. 315, and *Butman* v. *Howell*, 144 Mass. 66, that such evidence is admissible in the circumstances here disclosed.

*Order dismissing report affirmed.*