## Commonwealth ex rel., Appellant, *v.* Philadelphia Electric Co.

Argued May 12, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas Raeburn White,* for appellant.

*Francis B. Bracken,* with him *A. Allen Woodruff,* for appellee.

PER CURIAM, May 26, 1930:

On petition of a certain corporation, engaged in the business of manufacturing and selling electric refrigerators, the attorney general instituted a quo warranto proceeding against defendant company, wherein it was shown that it sold refrigerating machines "operated by electric motors, which consume electric power,......to

its regular customers to whom it also sells electric heat, light and power." This gave rise to the question, May a corporation, chartered for the purpose of supplying heat, light and power by electricity, sell, as an incident to its business, electrical appliances by means of which power is delivered to and utilized by its consumers? The court below answered in the affirmative and entered judgment for respondent; hence this appeal.

The trial judge found as a fact that "The primary object of respondent in merchandising electrical appliances is to stimulate in every proper way a demand for the use and consumption of electric current which in turn promotes the respondent's business generally by increasing the sale of such current," and that the "volume of respondent's business in the sale of electric refrigerators amounts to approximately only 1 per cent of its entire business."

In entering judgment for respondent, the trial judge properly concluded that the reasons which this court gave in support of its decision in Malone v. Lancaster Gas L. & F. Co., 182 Pa. 309, 321-2, apply here. We there said: "The second branch of the case raises a mixed question of law and fact, namely, the authority of the Lancaster Gas Company to......deal in the steam heater, radiating mantel and gas consuming appliances covered by the Backus patents. It is argued for plaintiff that the charter purpose of the gas company is limited by the words 'manufacturing and supplying illuminating and heating gas,' and that nothing can be included which is not a necessary part or appliance for manufacturing or supplying. This is too narrow and literal a construction, and overlooks the fundamental object of the corporation, the manufacture and supply of gas to customers for profit. It would be of no use to manufacture gas if there were not customers to buy, and hence the company may fairly supply not only the gas itself, but incidentally such appliances and conveniences as will induce new customers to use gas or old

ones to use more. This is a legitimate mode of extending the company's business, in direct furtherance of its charter object. In considering such questions, much weight must be allowed to the judgment of the parties most interested, the officers and stockholders of the corporation itself, and while they will not be permitted, as against the Commonwealth or a dissenting stockholder, to go outside of their legitimate corporate business, yet where the act questioned is of a nature to be fairly considered incidental or auxiliary to such business, it will not be unlawful because not within the literal terms of the corporate grant."

The judgment appealed from is affirmed.