## Formation of Business Corporations and Public Service Companies

SHOCKLEY, Deputy Attorney General, August 23, 1933.—You state that applications for certificates of authority and articles of incorporation have been presented to your department, containing purpose clauses which would authorize a corporation to engage in a business permissible by the laws of this Commonwealth for both public service companies and business corporations.

You inquire whether your department should treat such corporations as public service companies or as business corporations.

Your inquiry is undoubtedly prompted by the enactment of the Business Corporation Law of May 5, 1933, P. L. 364, which became effective July 3, 1933,

and which completely revised and codified the laws of the Commonwealth relating to the formation, regulation, and dissolution of all corporations for profit, except coöperative associations, public service companies, banks, trust companies, building and loan associations, and insurance companies (see section 4). Among other things, a new method was prescribed for the incorporation of domestic business corporations (article II), and for the registration of foreign business corporations desiring to do business in the Commonwealth (article X). No change whatsoever was made in existing laws relating to the incorporation, regulation, and dissolution of domestic public service companies or the registration of foreign public service companies. All prior laws relating to corporations for profit were repealed insofar as they related to business corporations (section 1202).

Accordingly, the existing legislative pattern of our corporation laws makes a clear distinction between business corporations and public service companies. To form a domestic business corporation, the incorporators are required by the Business Corporation Law to submit articles of incorporation to the Department of State, which in turn is required to issue a certificate of incorporation; whereas, to form a public service company, the incorporators are required, by the Corporation Act of April 29, 1874, P. L. 73, or other applicable laws, to present a certificate of incorporation to the Governor, who, in turn, is required to issue letters patent with the approval of the Public Service Commission. A foreign business corporation, before it may do business in the Commonwealth, is required by the Business Corporation Law to procure a certificate of authority from the Department of State, and to advertise its intention to do so; whereas a foreign public service company is required by the Act of June 8, 1911, P. L. 710, to file with the Secretary of the Commonwealth a written power of attorney designating the secretary as its agent for service of process, and, by The Public Service Company Law of July 26, 1913, P. L. 1374, to obtain a certificate of public convenience.

As the Business Corporation Law, by section 4, does not apply or relate to public service companies, it is clear that a business corporation may not be formed for any purpose which would put it within the category of a public service company, as defined in the Public Service Company Law. Conversely, a public service company may not be formed for any purpose for which a business corporation may be formed, as the Business Corporation Law is the only incorporation statute providing for the formation of corporations for that purpose, and public service companies are not within its purview. In the latter case, however, we point out that the legislature has not curtailed the powers of public service companies one iota, so that such companies still have the implied power to deal in merchandise that will promote the utilization of their service rendered to the public, as was decided by the Supreme Court in Malone v. Lancaster Gas Light & Fuel Co., 182 Pa. 309 (1897). See also Commonwealth ex rel. v. Philadelphia Elec. Co., 300 Pa. 577 (1930).

What we have said applies equally as well to foreign corporations seeking admission to do business in this Commonwealth, for section 1002 of the Business Corporation Law expressly provides that the Department of State shall not issue a certificate of authority to any foreign business corporation to do "any kind of business for the transaction of which a domestic business corporation could not be formed under the laws of the Commonwealth." Therefore, the Department of State has no power to issue a certificate of authority to a foreign public service company under the Business Corporation Law, and conversely the Department of State may not issue a certificate of authority to a

6

foreign business corporation which sets forth any purpose which would constitute it a public service company.

Accordingly, you are advised that the existing corporation laws of this Commonwealth do not permit the formation of a domestic business corporation or the admission of a foreign business corporation with authority to transact the business of a public service company, and, conversely, a domestic public service company may not be formed, or a foreign public service company may not be registered, for any purpose applicable only to business corporations. Therefore, the Department of State should not accept any papers which do not reflect this distinction.

From C. P. Addams, Harrisburg, Pa.