NELLIE C. McCARTHY & another, executrices, *vs.* MARY FITZGERALD.

Plymouth.   November 6, 1936. — December 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Evidence,* Extrinsic affecting writing.   *Deed,* As security.

A voluntary transfer of stocks by an instrument under seal absolute in form might be shown by parol evidence to have been only as security for reimbursement of the transferee for expenditures to be made by him for the transferor.

BILL IN EQUITY, filed in the Superior Court on July 5, 1935.

The suit was referred to a master and later was heard by *Sheehan,* J., by whose order there were entered an interlocutory decree overruling the defendant's exceptions to, and confirming, the report, and a final decree granting to the plaintiffs the relief sought. The defendant appealed.

The case was submitted on briefs.

*J. A. Reilly,* for the defendant.

*O. V. Fortier,* for the plaintiffs.

Rugg, C.J.   The plaintiffs, as executrices of the will of Fannie Fitzgerald, seek by this suit in equity to compel the defendant to transfer to them certain securities, alleged to be the property of the estate of the testatrix.

The answer of the defendant is improper in form.   It consists simply of general denials of the allegations of the bill, except that two paragraphs as to formal matters were admitted.   This is not in conformity to Rule 29 of the Superior Court (1932).   *Burke* v. *McLaughlin*, 246 Mass. 533, 537–538.   No objection appears to have been made to the answer.   The case has been fully heard.   It will be considered as if there had been a proper joinder of issues. *Volpe* v. *Sensatini*, 249 Mass. 132, 134.

The case was referred to a master, whose report contains a full recital of the facts found.   The evidence is not reported.   Therefore, the findings of fact made by the master must be accepted as true, since they are not inconsistent or plainly wrong.   *O'Brien* v. *Gove*, 208 Mass. 325. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334.

The facts pertinent to the grounds of this decision are these: The testatrix was an alert and intelligent business woman of varied training and experience.   Early in 1933, she suffered a shock, which materially affected her speech and powers of locomotion.   In March, 1933, she went to live with the defendant, who was the widow of a deceased brother of the testatrix.   The testatrix executed a will, which has been duly proved and allowed, wherein legacies and articles of a personal nature were left to friends.   The defendant was left $2,000, to be paid out of earnings of real estate in Canada, and, if that real estate was sold, the proceeds were to be used in paying this legacy.   In March, 1933, the testatrix executed a note in the sum of $390, payable in three months to the Brockton Savings Bank.   Certain stocks of the testatrix, having a market value of about $1,800, were pledged as collateral for this note, which was in the usual form and which provided that the market value of the securities should at all times be twenty-five per cent more than the amount of the note. While the testatrix was living with the defendant, she be-

came apprehensive concerning this note, because she had no cash with which to pay it at maturity. After discussing the matter with the defendant, the services of an attorney of experience and standing were sought. An instrument under seal with recital of a consideration was thereupon executed by the testatrix and the defendant purporting to transfer to the defendant all the right, title and interest of the testatrix in these stocks without covenants of warranty. The instrument was executed at the request of the testatrix, who was of sufficient mental ability and intelligence to appreciate its legal consequence. The Brockton Savings Bank was thereby authorized to execute and deliver such instruments as might be necessary to transfer title to the stocks to the defendant. Later, the note of the testatrix was surrendered and cancelled, a new note was executed by the defendant to the bank secured by the same collateral, and the bank undertook to cause the stocks to be transferred to the name of the defendant. This note was paid out of money received by the testatrix from other sources. The defendant furnished no money toward the payment of the note. The instrument transferring the stocks to the defendant was absolute in form. No transfer of the beneficial interest in the stocks was intended. It was orally agreed and understood between the parties that the defendant would acquire no interest in the stocks except that she would be reimbursed for any loss or expenditures. She made no expenditures. Concurrently with execution of the instrument of transfer, it was orally agreed that the defendant would transfer back to the testatrix the securities, first reimbursing herself for any expenditures. The attorney employed drew the transfer absolute in form because, in his opinion, the bank would require such form so that the securities might be transferred to the name of the defendant and then be pledged as collateral.

Parol evidence rightly was received in this suit in equity to show the real nature of the transaction between the parties. The defendant cannot in the circumstances disclosed properly claim absolute title to the stocks, which neither party to the instrument intended should be trans-

ferred to her without obligation to return them to the testatrix in the conditions which have arisen. The case on this point falls within the authority of numerous decisions. *Ely* v. *Wolcott*, 4 Allen, 506. *Walker* v. *Staples*, 5 Allen, 34. *Newton* v. *Fay*, 10 Allen, 505. *Childs* v. *Jordan*, 106 Mass. 321. *Reeve* v. *Dennett*, 137 Mass. 315. *Butman* v. *Howell*, 144 Mass. 66. *Soule* v. *Soule*, 157 Mass. 451, 454. *Way* v. *Greer*, 196 Mass. 237, 245. *Fay* v. *Corbett*, 233 Mass. 403, 410. *Klemmer* v. *Morse*, 258 Mass. 300. *Brooks* v. *Bennett*, 277 Mass. 8, 17. The case at bar is quite distinguishable from those where the attempt has been ineffectually made to vary the terms of a contract reduced to writing without fraud or mistake by showing inconsistent previous or contemporaneous oral arrangements. *Knowlton* v. *Keenan*, 146 Mass. 86. *Goldenberg* v. *Taglino*, 218 Mass. 357, 359. *Miller* v. *Gane*, 288 Mass. 57.

*Decree affirmed with costs.*