# SUPPLEMENT

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Electric Company.* *Constitutional Law,* Due process of law, Police power, Public utilities. *Words,* "Shall," "Furnish," "Without charge."

A proposed law, providing that "Every electric company shall furnish its consumers with electric light bulbs without charge therefor," would be unconstitutional, in that it would deprive the companies of property without due process of law, and would not be a permissible exercise of the police power.

On March 24, 1938, the House of Representatives adopted the following order:

WHEREAS, There is now pending before the House of Representatives a bill, House number 150, a copy of which is submitted herewith, providing that "Every electric company shall furnish its consumers with electric light bulbs without charge therefor"; and

WHEREAS, No such requirement is found in any existing law or proposed in any pending legislation, with reference to municipal electric lighting plants; and

WHEREAS, Grave doubt exists as to the constitutionality of said bill, if enacted into law; accordingly be it

*Ordered,* That the House of Representatives require the opinions of the Honorable the Justices of the Supreme Judicial Court on the following important questions of law:

1. Is it constitutionally competent for the General Court to require an electric light company to furnish electric light bulbs to its consumers without charge therefor, as provided in said bill, notwithstanding the provisions of Section 1 of Article XIV of the Amendments to the Constitution of the United States that no state shall deprive any person of property without due process of law?

2. Would the requirement of said bill that every electric

company shall furnish electric light bulbs to its consumers without charge therefor, if enacted into law, when no municipal electric lighting plant is subjected or proposed by pending legislation to be subjected to any such requirement, constitute a denial to electric companies of the equal protection of the laws, in violation of the provisions of said section of said Article of Amendment to said Constitution?

3. Would said requirement that such companies furnish free electric light bulbs to their consumers, if enacted into law, be a valid exercise of the police power of the Commonwealth, notwithstanding the provisions of said section of said Article of Amendment to said Constitution?

On March 26, 1938, the order was transmitted to the Justices, who, on April 7, 1938, returned the following answer:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court have considered the questions embodied in the order adopted on March 24, 1938, copy of which is hereto annexed, and respectfully submit the following opinion.

The proposed statute requires that "Every electric company shall furnish its consumers with electric light bulbs without charge therefor." This is brief. It is to be interpreted according to the common and approved usage of the language. Its words express the clear idea that the consumers of electricity shall receive electric light bulbs without cost to themselves and that the expense of such bulbs shall be carried wholly by the electric company. This thought is emphasized because it is set forth in almost identical terms in the title. No reference is made in the proposed statute to the public board which has power to fix the rates for electricity or to the inclusion of the cost of bulbs in the price of electricity to be charged to consumers. Some mention of this subject would be expected if it were intended that such expense should be passed on

to the consumers in any form. "Electric company" is defined in G. L. (Ter. Ed.) c. 164, § 1, as "a corporation organized under the laws of the commonwealth for the purpose of making by means of water power, steam power or otherwise and selling, or distributing and selling, electricity within the commonwealth . . . ." The word "shall" as employed in a statute of this nature imports an imperative and unescapable obligation. *McCarty* v. *Boyden*, 275 Mass. 91, 93. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 88. "'Furnish' means to provide or supply." *Panasuk's Case*, 217 Mass. 589, 593. It implies some degree of active effort to accomplish the designated end. "Without charge therefor" signifies in this context without payment by the consumers in any way directly or indirectly. *Niles* v. *Adams*, 208 Mass. 100, 103.

The proposed statute imposes a requirement for electric companies which is beyond their undertaking. The definition already quoted from the General Laws confines the activities of electric companies to the "making . . . and selling, or distributing and selling, electricity. . . ." Their function is different from that of telephone companies, which supply "telephone service." G. L. (Ter. Ed.) c. 166, § 14. It has been recognized that the sale of electrical appliances is a business separate and distinct from the manufacture, sale and distribution of electrical energy. *MacRae* v. *Selectmen of Concord*, 296 Mass. 394, 399. There appears to be no sound ground based on reasons of safety for a statutory compulsion that electric companies furnish bulbs. We are not aware of any considerations affecting the public health or promoting the public morals which would arise from the operation of the proposed statute.

Such companies cannot be required to perform a duty outside their original undertaking unless they are compensated therefor. The investment of capital in electric companies was made on the footing of being devoted to the uses specified in the statute under which they were incorporated. The reserved right to amend or repeal the charters of such corporations does not go so far as to authorize the taking of that property and devoting it to a differ-

ent use. If a statute of the kind here proposed is to be held valid, all sorts of equipment may be required to be furnished free with the result that capital originally invested in the business of making, selling and distributing electricity will be diverted into a different type of business and be gradually forced to assume risks substantially unlike those of the business in which the stockholders consented to engage at the outset. This proposed statute compels the electric companies to furnish a service which is not necessarily related to the function of supplying electricity to consumers. It is outside that undertaking. In this connection it is of no consequence whether the charge therefor can be included in their rates. It is different in principle from a prohibition of any charge for meters which are essential to measure accurately the electricity delivered to the consumers.

Lighting is only one of the many uses of electricity. Current for power is an important branch of the business of electric companies. The Commonwealth must act through the power of eminent domain if it designs to compel property invested for the conduct of one public use to be devoted to a different public use. This limitation cannot be avoided on the theory that the company may receive adequate compensation through rates. The proposed bill makes no provision for the increase of rates. The situation is comparable to an attempt to make a railroad build a line in territory in which it had not undertaken to build a line. A statute of that nature was held unconstitutional in *Missouri Pacific Railway* v. *Nebraska*, 217 U. S. 196, 207.

If the proposed statute is permissible, there seems to be no sound ground in reason why the General Court may not require the electric companies to supply the necessary fixtures and wiring free of charge to consumers. In principle there is no distinction between the proposed statute and one compelling flatirons, toasters, curling irons, electric washers, refrigerators, kitchen machinery and other appliances to be furnished free of charge by electric companies. If electric companies can be obliged by law to furnish free of charge bulbs to make the electric current available for

light for consumers, legislative power can hardly be denied to require them to furnish without charge a motor for every machine to which electric current is to be supplied in a factory or elsewhere.

Electric light companies are public service corporations. As such the rates to be charged by them are subject to reasonable regulation by the Commonwealth. *Weld* v. *Gas & Electric Light Commissioners*, 197 Mass. 556. *Boston* v. *Edison Electric Illuminating Co.* 242 Mass. 305, 312. See *Attorney General* v. *Old Colony Railroad*, 160 Mass. 62, 86; *Commonwealth* v. *Interstate Consolidated Street Railway*, 187 Mass. 436. The proposed statute has no relevancy to rates to be charged for the use of electricity. It does not authorize any change in rates. It requires the performance of an obligation not within the scope of the functions for which the electric companies were organized. It compels such companies to undertake a new variety of service. This is outside the domain of legislation under the provisions of § 1 of art. 14 of the Amendments to the Constitution of the United States. *Chesapeake & Potomac Telephone Co.* v. *Manning*, 186 U. S. 238, 247. *Lake Shore & Michigan Southern Railway* v. *Smith*, 173 U. S. 684. *Ex parte Goodrich*, 160 Cal. 410. *New England Telephone & Telegraph Co.* v. *Department of Public Utilities*, 262 Mass. 137, 146.

We are of opinion that the enactment of the proposed bill would result in depriving electric light companies of their property without due process of law. It would not tend to promote the public health, the public safety or the public morals and is not permissible in the exercise of the police power. We answer "No" to questions 1 and 3. It becomes unnecessary to consider question 2.

Mr. Justice Lummus, having some interest in the questions, asks to be excused from answering.

ARTHUR P. RUGG.
CHARLES H. DONAHUE.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

I agree with the conclusion reached in the opinion signed by the Chief Justice that questions 1 and 3 must be answered "No" and that it is unnecessary to answer question 2. But I do not agree fully with the reasoning by which that conclusion is reached.

In my opinion questions 1 and 3 must be answered in the negative for the reason that the furnishing of electric light bulbs by electric companies to their customers is beyond the scope of their original undertakings to make and sell, or to distribute and sell, electricity, and that the legislative power does not extend to compelling them to perform this additional service without compensation therefor or even for compensation included, directly or indirectly, in the rate charged for electricity. Since, on this ground, I reach the conclusion reached in the opinion signed by the Chief Justice discussion of the statements therein to which I do not assent would serve no useful purpose.

FRED T. FIELD.