Haugh & Keenan Storage and Transfer Company, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued September 29, 1938.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Alexander Cooper,* with him *Arnold J. Lange,* for appellant.

*John C. Kelley* and *Edward Knuff* for appellee.

OPINION BY KELLER, P. J., November 18, 1938:

The appellant is a Pennsylvania corporation, organized under the General Corporation Act of April 29, 1874, P. L. 73, for the purpose of carrying on a general warehousing business.[1] Its charter gives it no power to engage in or carry on business as a common carrier. Notwithstanding this, it has for some years been acting as a common carrier in the transportation of goods, in operations known as household movings. In 1933, it applied to the Public Service Commission for a certificate of public convenience evidencing its approval of the company's engaging in the business of house to house moving, which was granted; but this was

---

[1] Its corporate purpose as expressed in its charter is: "The purpose for which said corporation is formed is to carry on a general warehousing business; to receive for safekeeping or storage, goods, wares, merchandise and property of all kinds; to take charge of and perform the duty of paying freights, charges, duties on, bonding, receiving, landing, hauling, and transferring all such goods, wares, and merchandise; to insure or cause to be insured, the owner or owners thereof, against all loss by fire or water, whether in transit or in storage; to advance money upon any property in its custody, or upon bills of lading, receipts or certificates representing goods in storage elsewhere or in transit; to issue receipts or certificates for goods, wares or merchandise or property to the owner or owners thereof, when such goods, wares, merchandise or property are on the premises, or under the control of said corporation at the time of issuing such receipt or certificate; to hold and improve such real estate as may be necessary in order to conveniently and properly conduct the business of such corporation, and such real estate as may be conveyed to said corporation as security for or in satisfaction of a debt or debts due to it; and to do such other acts or things as are necessary or incident to the successful prosecution of its business as well as the acts enumerated as those incidental to the successful prosecution of said business, to be done and performed consistently; and the rights, privileges and franchises enjoyed to be limited by the provisions and limitations in the laws of this Commonwealth set forth."

evidently done without a realization that such operation amounted to carrying on business as a common carrier. The certificate expired at the end of two years and when the company filed an application for its renewal, the Commission refused to renew it on the ground that the applicant's charter gave it no power to engage in the business of a common carrier. The company appealed. If the corporation applicant clearly had no power to conduct the business of a common carrier, the Commission was justified in refusing it a certificate of public convenience, evidencing approval of its doing so: *Pittsburgh Railways Co. v. Public Service Commission,* 115 Pa. Superior Ct. 58, 174 A. 670.

The appellant bases its appeal to this court on the proposition that the operation of transporting household goods, known as household moving or house to house moving, is incidental to its main business of general warehousing, and intended to promote the comfort and convenience of the patrons of its warehousing business, although not restricted to them. It relies on the principles enunciated in *Malone v. Lancaster Gas Light & Fuel Co.,* 182 Pa. 309, 37 A. 932, and *Com. ex rel. v. Phila. Electric Co.,* 300 Pa. 577, 151 A. 344, which hold that a public utility corporation organized for the purpose of manufacturing and supplying gas for heating and illuminating, or of supplying light, heat and power by electricity, may sell, as an incident to its business, gas or electric appliances respectively, by means of which the consumption of gas or electricity is encouraged and increased. But they furnish no ground for the converse position, that a corporation organized for the purpose of selling gas or electrical appliances, might, as an incident of its business and to encourage and increase its sales, engage in the public utility business of manufacturing and supplying gas for lighting or heating or of supplying light, heat and power by electricity. We referred in the case of *Amer-*

*ican Supply Co. v. Grant Building,* 102 Pa. Superior Ct. 373, 382, 157 A. 52, inter alia, to the illustration in the Malone case, supra, p. 322, that "railway companies may erect refreshment rooms and book stalls and adopt other similar measures for both providing for the comfort of their customers and adding to their own receipts," but there was no hint or suggestion that a corporation organized to conduct a restaurant or a book store, could by way of providing for the comfort of its customers and adding to its own receipts, engage in the railway transportation business as a common carrier.

The Commission, in reviewing the scope of appellant's activities, found that in transporting for the general public goods and personal property which did not go into, or come out of, its warehouse, it was carrying on the business of a common carrier. The appellant does not dispute this finding, but claims the right to carry on such business as a common carrier as being merely incidental to its corporate business of general warehousing. We are of opinion that transporation of goods as a common carrier cannot legally be made incidental to the carrying on of a general warehousing business, so as to permit a corporation organized for the latter purpose to carry on business as if under the former. No private corporation can carry on the business of a public utility except one that has been incorporated as a public utility. This will not interfere with the right of the appellant to transport goods and personal property to its warehouse to be stored or from its warehouse to its customer's home or place of business—these are proper incidental powers—but it will prevent its transporting, for the general public, goods and personal property which neither go into nor come from its warehouse.

The General Corporation Act of 1874, supra, restricted the corporation to the one purpose stated in its charter.

While the Business Corporation Law of 1933, (May 5, 1933), P. L. 364, as amended July 2, 1937, P. L. 2828, has liberalized this, it specifically exempts from its scope "any corporation which by the laws of this Commonwealth is subject to the supervision of ...... The Pennsylvania Public Utility Commission ......" [Sec. 4(3)].

The appeal is dismissed and the order of the Commission is affirmed at the costs of the appellant.