## Summit Hill Marble and Granite Co., Inc., v. Schuylkill Memorial Park, Inc.

*Guy E. Waltman, Charles M. Guthrie, Jr.*, and *Snyder, Balmer & Kershner*, for plaintiff.

*H. Franklin Kehler*, for defendant.

STAUDENMEIER, J., January 24, 1955.—A complaint in equity was filed by plaintiff against defendant averring, inter alia, that plaintiff is a Pennsylvania corporation engaged in the manufacture and sale of memorials, monuments, markers, tablets, foundations and grave stones, having its principal office and manufacturing plant in Summit Hill, Carbon County. Defendant is a Pennsylvania corporation engaged in the operation and management of a private cemetery, having its principal office in Pottsville, Schuylkill County.

On March 1, 1954, plaintiff entered into an agreement dated February 24, 1954, with the Board of County Commissioners of the County of Schuylkill, wherein it is provided that plaintiff shall furnish and erect 25 more or less bronze memorial markers in the year 1954 for the use by the Department of Veterans Affairs of Schuylkill County, that said markers shall be furnished and erected by plaintiff at a price of $69 each, that said markers shall conform strictly to the specifications attached to said agreement, that plaintiff shall furnish and erect said markers at the rate stipulated in said agreement, that plaintiff shall fur-

nish the said markers in such quantity and at such times as may be directed by the said County Commissioners of Schuylkill, that plaintiff shall furnish the County Commissioners of Schuylkill County with a performance bond in the amount of $800 for the faithful performance of its obligations under said agreement, that the said County Commissioners of Schuylkill County promise and agree in consideration for the covenants and agreements of plaintiff being strictly performed as specified therein to pay or cause to be paid the amount of all claims duly and properly presented and accepted as satisfactory and conforming to said agreement and that pursuant to its said agreement with the County Commissioners of Schuylkill County, plaintiff has furnished a performance bond issued by a surety company in the amount of $800.

On or about March 13, 1954, plaintiff received a letter from Lewis M. Krebs, Sr., Director of the Department of Veterans Affairs of Schuylkill County, enclosing an application for a bronze marker to be accepted by plaintiff pursuant to its said agreement with the County Commissioners of Schuylkill County; said application dated March 11, 1954, was made by Mary C. Jacoby, Hillside, R. F. D. No. 1, Pottsville, requesting that the County Commissioners of Schuylkill County provide a bronze memorial or marker at a cost of not more than $69 to be erected on the grave of her son, Alfred E. Jacoby, a deceased veteran, whose grave is located in defendant's cemetery situate in the Township of North Manheim, Schuylkill County. The said Mary C. Jacoby at the time she made said application for a marker or memorial was the owner of exclusive and entire rights of interment or sepulture in the said cemetery of defendant in lot no. 93.

In addition to its operation of a cemetery as aforesaid, defendant is engaged in the retail sale of foundations and bronze memorials or markers to owners of

interment or sepulture rights in its cemetery. The rules and regulations of defendant's cemetery provide that graves in said cemetery shall be marked only with bronze tablets or markers and that such markers are to be of the design, size and type fixed by defendant, that all markers or memorials shall be installed by defendant upon foundations built by defendant, that the lot owners shall pay the cost thereof and that if the marker or memorial should be purchased through defendant, the service and installation charge and the continual care charge shall be included in the contract price of said marker or memorial.

On or about March 15, 1954, plaintiff's sales manager and vice-president sent a letter to defendant at its principal office informing defendant of plaintiff's agreement with the County Commissioners of Schuylkill County and requesting defendant's charges and prices for a foundation and the installation thereof. There was enclosed with said letter a foundation order for a foundation to be installed on the grave of the said deceased veteran, Alfred E. Jacoby; the said letter and the said enclosed foundation order were sent by plaintiff in compliance with its agreement with the County Commissioners of Schuylkill County, and pursuant to the rules and regulations of defendant's cemetery which require that foundations for memorials and markers must be purchased from and installed by defendant. Defendant has refused and still refuses to reply to said letter and foundation order from plaintiff, has refused and still refuses to notify plaintiff of its prices and charges for the foundation and the installation thereof and has wilfully persisted and still persists in said refusal despite its knowledge of plaintiff's obligations under the said contract with the County Commissioners of Schuylkill County.

The bill of complaint further avers that defendant's refusal to quote its prices and charges for foundations

and the installation thereof at plaintiff's request is wilfully and wrongfully designed to hamper and hinder the sale of markers by plaintiff to plot owners owning interment or sepulture rights in defendant's cemetery and to stifle or hinder the competition of plaintiff in the sale of markers or memorials to the said owners of interment or sepulture rights in defendant's cemetery, that in furtherance of its plan and design to hinder, hamper and injure plaintiff's business as aforesaid, defendant has provided and installed a marker on the grave of the said deceased veteran, Alfred E. Jacoby, in defendant's cemetery without charge or cost to the said Mary C. Jacoby, her family or to the County Commissioners of Schuylkill County, that defendant's wilful refusal to notify plaintiff of its prices and charges for the said foundation and the installation thereof, and defendant providing a marker for the grave of the deceased veteran, Alfred E. Jacoby, free of charge, have resulted in an unlawful and wrongful injury to plaintiff's business and have resulted in an unlawful and wrongful interference with plaintiff's said agreement with the County Commissioners of Schuylkill County.

Plaintiff seeks equitable relief and prays:

"1. The defendant, Schuylkill Memorial Park, Inc., its officers and agents, be ordered and directed:

"(a) To notify plaintiff of its prices and charges for a foundation and for the installation thereof on the grave of Alfred E. Jacoby, in defendant's cemetery.

"(b) To permit the plaintiff to install a bronze marker such as has been ordered by Mary C. Jacoby on the grave of her son, Alfred E. Jacoby, in the defendant's cemetery.

"(c) To quote a reasonable and fair price bearing some relation to the cost to the defendant for said foundation and the installation thereof on the grave of the said Alfred E. Jacoby.

"2. That the defendant, Schuylkill Memorial Park, Inc., its officers and agents, be ordered and directed:

"(a) To notify the plaintiff of its prices and charges for foundations and the installation thereof upon receipt of proper written orders for foundations and for the installation thereof provided, said orders contain notice to the defendant that they are sent pursuant to the plaintiff's said agreement with the County Commissioners of Schuylkill County.

"(b) To permit the plaintiff to install bronze markers on the graves of veterans in the defendant's cemetery pursuant to the plaintiff's agreement with the County Commissioners of Schuylkill County.

"(c) To quote reasonable and fair prices bearing some relation to the cost to the defendant for foundations and the installation thereof upon receiving requests from the plaintiff.

"3. That the defendant, Schuylkill Memorial Park, Inc., its officers and agents, be perpetually enjoined and restrained:

"(a) From interfering in any way with the plaintiff's contracts, agreements or business relations with persons owning interment and sepulture rights in the defendant's cemetery.

"(b) From interfering in any way with the plaintiff's said agreement with the County Commissioners of Schuylkill County.

"4. That general relief be granted.

"5. Costs."

Defendant filed preliminary objections to the complaint assigning the following reasons:

"1. The defendant demurs to the complaint and states that admitting the properly pleaded allegations of fact set forth in the complaint, the plaintiff fails to aver a cause of action against the defendant.

"2. The complaint is indefinite, is lacking in that it fails to definitely inform the defendant just what

the plaintiff complains of, and just what relief is requested. The complaint is not specific."

The second preliminary objection is overruled since it violates Pa. R. C. P. 1028(a), which rule provides:

"Preliminary objections shall state specifically the ground relied upon."

We have repeatedly held that objections of this nature cannot be sustained. See Canfield v. Reading Co. et al., 47 Schuyl. 182.

The first preliminary objection has merit. In brief, plaintiff's bill in equity avers that defendant is in a business similar to plaintiff's, that plaintiff has a contract with the County Commissioners of Schuylkill County wherein they are to provide markers on veterans' graves at a cost of $69 per marker, that it has received a request from the Veterans Department of Schuylkill County requesting them to place a marker upon the grave of one Alfred E. Jacoby, which is located in defendant's cemetery in North Manheim Township, Schuylkill County. All installations for markers are to be provided for by defendant company; defendant refused to quote a price to plaintiff for installing a marker upon the grave of the said veteran Jacoby; plaintiff complains that the action of defendant is detrimental to its business and damages plaintiff in the performance of its contract with the County Commissioners.

The 8th paragraph of plaintiff's bill in equity states that defendant in addition to its operation of a cemetery is engaged in the retail sale of foundations and bronze memorials or markers to owners of interment or sepulture rights in its cemetery; the 9th paragraph that the rules and regulations of defendant's cemetery provide that graves in said cemetery shall be marked only with bronze tablets or markers and that such markers are to be of the design, size and type fixed by defendant; the 10th paragraph of the

bill of complaint states that the rules and regulations of defendant's cemetery provide that all markers and memorials shall be installed by defendant upon foundations built by defendants.

The question presented is whether the bill of complaint shows that defendant by its actions has damaged plaintiff in refusing to allow them to place a marker upon the grave of the deceased veteran, Alfred E. Jacoby.

We believe that an analogous situation existed in the case of Dries et al. v. Evans Cemetery Company, 109 Pa. Superior Ct. 498, 167 Atl. 237, wherein the facts show that plaintiffs brought a bill in equity to enjoin defendant from enforcing a rule which provided:

" 'RESOLVED that every interment shall be made enclosed in an outer wall of stone, brick or concrete, the actual installation of which shall be made by the employees of the cemetery at cost.' "

In the Dries case deeds were given to the respective lot owners, in which the right of sepulture was given subject to the by-laws and regulations existing or which may be hereafter enacted. The Superior Court pointed out that in reading the above resolution, it will be noted that vaults are restricted to stone, brick or concrete and that the burden of plaintiff's complaint is that this rule excludes the use of steel vaults, or if such vaults are to be used that they must, in order to comply with the resolution, be enclosed by an additional wall of stone, brick or concrete, and therefore the rule is unjust and discriminatory. In the opinion by President Judge Trexler the court held, pages 502, 503:

". . . We cannot convict the court of error in not finding that the rule was arbitrary and capricious, and not founded upon good reason. There is no doubt about it that the conclusion arrived at in this case may interfere with the sale of steel vaults, *but the*

*trustees of a cemetery company need not preserve the right of equal competition for all vault manufacturers."* (Italics supplied.)

Hence, in the instant case can it be said that defendant's rule that the bronze tablets or markers are to be of the design, size and type fixed by defendant is unreasonable and that the rule is arbitrary and capricious, or that the markers and memorials shall be installed by defendant upon foundations built by defendant is an unreasonable rule and regulation?

Another question raised in the Dries case was: Did defendant have the implied corporate power to buy and sell stone vaults to its lot owners at cost? The court in passing upon this question stated at page 503:

"It would seem that the Commonwealth would be more interested in this question of transgressing the limits of chartered rights, than the parties plaintiff. However, the court disposed of it properly and held that the cemetery company had a right, without profit, to transact, in addition to maintaining their main purpose, such subordinate and connected matters which fit in essentially or are at least convenient to the due prosecution of the chartered purposes. Malone v. Lancaster Gas Light Co., 182 Pa. 309, 37 A. 932; Commonwealth v. Phila. Elec. Co., 300 Pa. 577, 151 A. 344. It does not appear that the company compels those who are about to require a vault that they buy the vault from it."

As it has been stated in the Dries case, the trustees of a cemetery company need not preserve the right of equal competition for all vault manufacturers, so likewise in the instant case, we are of the opinion that defendant company need not preserve the right of equal competition for all manufacturers of markers or memorials.

There is a paucity of case law in Pennsylvania pertaining to the facts in this case, neither plaintiff nor

defendant in their briefs cite any Pennsylvania cases applicable to same.

The Maryland Court of Appeals in the case of Abell v. Green Mount Cemetery, 56 A. 2d 24, 174 A. L. R. 971, sets forth the following in the syllabus 2: "A restriction imposed in a certificate of ownership of a cemetery lot that all enclosures, monuments, or other structures upon the lot shall be of a design approved by the officers of the cemetery corporation is not against public policy as tending to restrict the free use of land."

Plaintiff, in its brief of argument, has quoted several sections of the law in volume 4 of the Restatement of the Law of Torts. It is our opinion that the quoted passages of the Law of Torts have no bearing on or relationship to this proceeding.

Defendant's demurrer to the bill of complaint is sustained.

And now, January 24, 1955, defendant's demurrer to the bill of complaint is sustained and the bill of complaint is dismissed.

And now, January 24, 1955, upon motion of counsel for plaintiff, an exception is allowed.