JOSEPH LONG & others *vs.* BROCKTON TAUNTON GAS COMPANY & others.

Plymouth.    May 2, 1960. — June 6, 1960.

Present:  WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Corporation,* Ultra vires, Gas company. *Equity Pleading and Practice,* Answer, Judicial discretion.

Sale and rental at retail of heaters, stoves and other appliances which used gas as a fuel were properly ruled to be "fairly incidental and auxiliary to . . . [the] main business" of a private corporation incorporated for the purpose only of manufacturing and selling gas, and not to be ultra vires.  [144]

A judge could properly as a matter of discretion deny a motion of the plaintiff in a suit in equity to strike out paragraphs of the defendant's answer for failure to comply with the requirement in Rule 29 of the Superior Court (1954) of full, direct and specific answers and avoidance of any general denial where it appeared that the motion was not presented until the case came on for trial nearly seventeen months after the filing of the answer. [145]

BILL IN EQUITY, filed in the Superior Court on October 1, 1957.

The suit was heard by *Reardon*, C.J.

*Albert C. Doyle*, for the plaintiffs.

*Edward H. Stevens*, (*Eben G. Townes* with him,) for the defendants.

WHITTEMORE, J. The plaintiffs, minority stockholders of the defendant corporation (the defendant), sought to enjoin the sale and rental at retail of heaters, stoves and other appliances which use gas as a fuel as beyond the scope of the charter powers. These were, in substance, the manufacture and sale of gas. The judge in the Superior Court found that ''The sale and rental of appliances has proved very profitable to the defendant company. While such sales and rentals are profitable, the defendant company is principally interested in increasing the sale of gas,'' and he ruled that the complained of transactions ''are fairly incidental and auxiliary to . . . [the] main business,'' and entered a decree dismissing the bill of complaint from which the plaintiffs appealed. The ruling and decree were right.

This court held in *MacRae* v. *Selectmen of Concord*, 296 Mass. 394, 398 (January 25, 1937), that a municipality in the business of supplying electric energy does not have incidental powers, but recognized that private corporations do have incidental powers. The suggestion of that opinion is that the incidental powers of a private utility include the sale of appliances. *Teele* v. *Rockport Granite Co.* 224 Mass. 20, 25. *Capital Gas & Elec. Co.* v. *Boynton*, 137 Kans. 717. *Malone* v. *Lancaster Gas Light & Fuel Co.* 182 Pa. 309. *Commonwealth* v. *Philadelphia Elec. Co.* 300 Pa. 577. *State* v. *San Antonio Pub. Serv. Co.* 69 S. W. 2d 38 (Texas).

See *Matter of City Ice & Fuel Co.* 173 Misc. (N. Y.) 534, appeal dismissed 260 App. Div. (N. Y.) 537, where the applicable statute expressly allowed such sales. See also G. L. c. 164, § 34, as amended by St. 1937, c. 235, § 1 (April 29, 1937). The statement in *Opinion of the Justices,* 300 Mass. 591, 593 (in the course of giving the opinion that it would be unconstitutional to require by statute that every electric company furnish its consumers light bulbs without charge), that the sale of appliances is a "business separate and distinct," citing the *MacRae* case, does not point to a different conclusion from that which we have stated in respect of the issue of this case.

The defendants' answer was filed January 20, 1958. When the case came on for trial on June 16, 1959, the plaintiffs moved to strike four paragraphs of the answer for failure to comply with Rule 29 of the Superior Court (1954) which requires full, direct and specific answers and the avoidance of any general denial. This rule is important and useful and must not be disregarded by defendants. The answer did not comply with the rule (see *McCarthy* v. *Fitzgerald,* 296 Mass. 181, 182), and the granting of the motion would have been appropriate had it been presented at an earlier time. In the circumstances, however, the parties being in court and the case set down for hearing, it was within the wise discretion of the judge[1] to deny the motion and order that the trial proceed.

> *Decree affirmed with costs of the*
> *appeal to the defendants.*

---

[1] "The court may entertain a motion to strike . . . ." Rule 29 of the Superior Court (1954).