*Municipal Court of the City of Boston*
No. 281612
**JOSEPH J. FIUMARA ET AL.**
v.
**RICHARD W. FORSYTHE ET AL.**
Argued: Oct. 15, 1971 - Decided: Nov. 18, 1971.

*Present:* Adlow, C. J., Lewiton, J., Gorrasi, Spec. J.

Case tried to *DeGuglielmo, J.*

**Gorrasi, Spec. J.** This is an action of tort which arises out of a motor vehicle collision on October 30, 1968. The action was instituted by a common writ, issued by the Municipal Court of the City of Boston, dated *October 23, 1970,* returnable *April 19, 1971* and served on the defendants *April 3, 1971.*

On *April 27, 1971* the defendants appeared specially, without submitting themselves generally to the jurisdiction of the court and filed motions:

(1) For leave to file motion late, and

(2) That the action be dismissed for the reason that the writ dated *October 23, 1970* and returnable *April 19, 1971* was in violation of

G.L.c.223, § 23, which provides that . . . "an original writ issued by a district court shall be returnable not more than sixty days after date thereof."

It is apparent that the writ is returnable more than sixty days after the date of the writ.

The court, after hearing, on *May 12, 1971* allowed the motion for leave to file motion late and allowed the motion to dismiss the action.

There was no error.

The significant part of the statute to be considered is "shall be returnable not more than sixty days after date thereof." "Shall" in the statute is commonly a word of command. It imports a positive, imperative and unescapable obligation. It is inconsistent with the idea of discretion. *Rea* v. *Aldermen of Everett,* 217 Mass. 427. *Milton* v. *Auditor of the Commonwealth,* 244 Mass. 93, 94. *McCarthy* v. *Boyden,* 275 Mass. 91, 93. *Opinion of the Justices,* 300 Mass. 591, 593.

The plaintiffs failed to comply with the mandatory requirements of the statute. The court did not acquire jurisdiction over the defendants. *Farber* v. *Lubin,* 327 Mass. 128. *Buono* v. *Nardella,* 344 Mass. 258-259.

Where it appears on the record that the court has no jurisdiction, nothing which the parties may do or omit to do will give it jurisdiction. *Carlisle* v. *Weston,* 21 Pick. 535-537.

In order to clear the record the court was justified in allowing the motion to dismiss the action.

There being no prejudicial error the report is dismissed.

**Report dismissed.**

JAMES P. MCLAUGHLIN
 for the plaintiff.

LEONARD M. AUGELLO
 for the defendant.