[Civ. No. 3231. First Appellate District, Division One.—January 30, 1920.]

REALTY AND REBUILDING COMPANY (a Corporation), Plaintiff and Respondent, v. L. A. REA et al., Defendants and Respondents; EUGENE J. SULLIVAN, Defendant and Appellant.

[1] LANDLORD AND TENANT—RIGHT OF ELECTION TO TAKE EXTENSION OF LEASE — ASSIGNMENT OF LEASE — LIABILITY OF LESSEES FOR RENT DURING ADDITIONAL TERM.—Where a lease of a building for a term of years provides that the lessees by giving notice at least thirty days before the expiration of the term "might elect" to take an extension of the lease for further specified period at a stated rental, the giving of such notice has the effect of extending the original lease for the additional term, and the fact that prior to the expiration of the original term the lessees have assigned their interest in the lease will not relieve them from liability for rent for the extended term, in the absence of a novation between their assignee and the lessor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. F. J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. E. Shaw and J. Early Craig for Defendant and Appellant.

Charles S. Wheeler, John F. Bowie, Nathan Moran and A. A. Heer for Plaintiff and Respondent.

---

1. Liability for rent as affected by assignment or sublease by tenant, note, Ann. Cas. 1916E, 788, 832, 837, 842, 844.

John D. Rutledge, A. E. Shaw, Bert Schlesinger and Jacob Meyer for Defendants and Respondents.

RICHARDS, J.—This is an appeal by the defendant Eugene J. Sullivan from that portion of the judgment in this action which runs in favor of the plaintiff and against said defendant and by which the plaintiff is awarded the sum of $11,215.81. The action was instituted by the plaintiff as the transferee from one Rudolph Spreckels of a lease of certain premises on Fillmore Street, in the city of San Francisco, to the defendants herein, L. A. Rea, E. Kehrlein, and Eugene J. Sullivan, and by them assigned to the defendant Fillmore Arcade Company, a corporation. Certain stockholders of said corporation are also made parties defendant.

The complaint is in two counts—one to recover rent overdue and unpaid under the terms of said lease and of a later extension thereof; the other to recover damages in a large sum for an alleged breach of certain covenants in said lease relating to the duty of the lessees and their assigns to keep the buildings upon the premises in repair.

Upon the trial of the cause the court made its findings and rendered its judgment in favor of the plaintiff and against the defendants, said Rea, Kehrlein, Sullivan, and Fillmore Arcade Company, upon the first count in said complaint, but as to those defendants who were alleged and shown to be stockholders in the Fillmore Arcade Company the court gave its judgment in their favor upon their plea of the statute of limitations, and also gave its judgment in favor of all of the defendants upon the cause of action embraced in the second count of the complaint. Two appeals were taken from this judgment, this one by the defendant Eugene J. Sullivan from that portion of the judgment running against him as one of the original lessees for unpaid rent; the other by the plaintiff from that portion of the judgment denying it relief against the stockholders of the Fillmore Arcade Company upon the first count, and against all of the defendants upon the second count of its complaint. This appeal is upon the judgment-roll alone, the only question presented being as to whether the findings support that portion of the judgment appealed from herein.

The facts out of which the case arose are briefly these: On June 1, 1906, Rudolph Spreckels entered into a written lease with the said defendants Rea, Kehrlein, and Sullivan, by which he leased and demised to them certain property on Fillmore Street, of which he was then the owner, for the term of three years from said date and for the entire sum of one hundred and twenty-six thousand dollars for said term, payable in monthly installments of three thousand five hundred dollars per month, monthly in advance. According to one of the provisions of said lease the said lessees agreed that within six months from and after July 1, 1906, they would erect upon the demised premises a frame building or buildings at a cost of about one hundred and fifty thousand dollars; by another provision in said lease it was agreed by the lessor that at the end of the said term of three years he would purchase the said buildings so to be erected by the lessees at one-half of their then to be appraised value, in which event the term of the lease should cease; provided, however, that the said lessees by giving notice at least thirty days before the expiration of said three-year term might elect to take a three-year extension of the lease at a monthly rental of two thousand five hundred dollars, in which event the buildings erected upon the premises by the lessees should thereupon become and be the property of the lessor. The lease also contained clauses respecting the duty of the lessees to keep the buildings and structures upon the demised premises in good order and repair.

After the making of said lease, and on December 14, 1906, the lessees named therein assigned and transferred all of their right, title, and interest in said lease to the defendant herein, Fillmore Arcade Company, which immediately thereupon went into possession of said premises and continued exclusively therein thereafter as the tenant thereof. Thereafter and on April 28, 1908, the said lessor, Rudolph Spreckels, conveyed the said premises to Realty & Rebuilding Company, the plaintiff herein. On May 28, 1909, the said Fillmore Arcade Company, by written notice to the Realty & Rebuilding Company, elected to take the three-year extension of said lease as provided therein and upon the terms and conditions therein stated, and thereupon continued to occupy the premises in question until some time in Septem-

ber, 1911. On the twenty-ninth day of May, 1911, the buildings upon the premises which had been erected by the Fillmore Arcade Company under the terms of said lease and which had replaced the buildings originally thereon, were, according to the averments of the plaintiff's complaint herein "destroyed by fire." For the next two or three months thereafter the Fillmore Arcade Company remained in possession of the premises but failed to pay the stipulated rental thereof falling due during said period, and further failed to take any steps looking to the repair or rebuilding of the destroyed structures, whereupon the plaintiff, after demanding said rent from the Fillmore Arcade Company and also from the original lessees of the property, and after demanding of each of these that the destroyed structure be rebuilt, and after noncompliance with both of these demands, commenced this action.

In respect to one of the stockholders of the Fillmore Arcade Company, Abraham Ruef, who was also made a defendant in said action, the following additional facts appear: That said Ruef was a stockholder in said Fillmore Arcade Company on the fourteenth day of December, 1906, the date when said corporation took the assignment of the lease in question from the original lessees, and he remained such stockholder until December, 1908, when he assigned and transferred all of his said stock in said corporation to other persons, delivering to them his only indorsed certificate therefor and demanding of the secretary of the corporation that the said shares of stock so assigned by said Ruef be transferred to the name of his assignee upon the books of the corporation. Said transfer upon the books of the corporation was not, however, made, for the reason apparently that the certificate of said shares of stock was not presented for surrender, and hence the name of said Ruef appeared upon the books of said corporation as the owner and holder of said stock down to the time of the institution of this action.

Upon the foregoing state of facts the contention of the appellant herein is this, that as one of the original lessees of said property going out of possession thereof on December 14, 1906, the date of the assignment of said lease to the Fillmore Arcade Company, and having had nothing to do

thereafter with the possession of said property or with the giving of any notice extending the term of said lease, his only obligation was to pay the rent for the original three-year term either as one of the original lessees or as a surety of the assignee of such lessees, and that his obligation in either capacity ended with said three-year term; that the privity of contract as well as privity of estate of said original lessees terminated with the exercise of their assignee's election to extend the term of the lease, and hence that the appellant cannot be held liable for any rent accruing and unpaid after the original but during the extended term.

[1]    We are unable to agree with this contention. When the original lessees obtained the lease in question they secured by its express terms the right to the possession and control of the property covered by it for the express term of three years and for the additional term of three years more at their election. Had they themselves exercised said right of election it would seem to be clearly established by the current of authority both of the courts and text-writers that their holding under the extended term would be by virtue of the original demise and not by virtue of the notice of extension. The fact that the lessees had assigned their rights under said lease to another, who might exercise the right of extension of its original term, thus becomes immaterial in the absence of a novation between their assignee and the original lessor, since the lease was for the full term including the extension, and the original lessees were liable thereunder as principals while they held the lease, and as sureties for their assignee thereafter and during such full term for which they had secured the right to have and enjoy said premises under said lease. This principle was laid down in the case of *Werner* v. *Graff & Co.*, 7 Cal. App. 530, [95 Pac. 167]; the court in dealing with a lease similar in terms, holding ''that upon compliance with the condition as to giving notice the lessees would then be entitled to hold for the additional term under the original lease and not under the notice—the lease would then become a lease for both the original and extended terms.'' It will be noticed by reference to the terms of the lease in question here that the right of election granted to the

lessees therein was not the right to *renew* said lease upon notice, but was an election to take a three years' extension of this lease. This was in effect a stipulation giving them an additional three years' term at their election. In Mc-Adam on Landlord and Tenant, third edition, section 160, it is said: "A lease for one year, or three additional years if the lessee elect, is of itself a lease for four years if the lessee elect to continue it beyond the first year. This is so because, if the lessee makes the election, he still holds under the original demise; there is no further act to be done by the lessor."

In the case of *Sheppard* v. *Rosenkrans,* 109 Wis. 58, [83 Am. St. Rep. 886, 85 N. W. 199], the court, in commenting upon a lease similar to that in the instant case, says: "It was an unconditional lease for the period expiring April 30, 1896, and a conditional lease for four years thereafter. The condition was the giving of a certain notice by the lessee, but it might just as well have been the happening of an event over which neither party had control, such as the death of a person or the falling of a tree. When such required event happened the condition was satisfied, and the lease became a lease for the additional period by its own terms. The act of the lessee in giving the notice was not the making of an agreement, but the performance of a condition upon which the previously made agreement depended . . . "

The following authorities also support the same view: *Kimball* v. *Cross,* 136 Mass. 300; *House* v. *Burr,* 24 Barb. (N. Y.) 525; *Cusack* v. *Gunning System,* 109 Ill. App. 588.

The case of *Samuels* v. *Ottinger,* 169 Cal. 209, [Ann. Cas. 1916E, 830, 146 Pac. 638], from which the appellant quotes certain extracts, which he asserts uphold his contention will be found upon the whole to rather sustain the respondent's position upon this appeal, since the court, in construing the much more doubtful terms of the lease involved in that case, held the lessees liable for the entire term of the lease notwithstanding the assignment thereof.

Upon the foregoing reasoning and authorities we are therefore of the opinion that the trial court was not in error in adjudging the appellant liable for the unpaid rent

accruing after termination of the original three-year term of said lease, but during the extended term thereof.

This being the only point involved in this case, the judgment is affirmed.

Knight, J., *pro tem.*, and Waste, P. J., concurred.