MAYBURY SHOE COMPANY *vs.* JACOB A. IZENSTATT.

Suffolk.    March 5, 1946. — November 8, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Landlord and Tenant,* Waiver of breach, Assignment of lease, Extension of lease, Option. *Waiver. Evidence,* Extrinsic affecting writing. *Contract,* Consideration, Construction, Option, Performance and breach.

A lessor having knowledge of an assignment of the lease by the lessee, by accepting the rent from the assignee for a number of months, waived a covenant by the lessee not to assign the lease without the previous consent of the lessor.

A lessor who recognized an assignment of the lease by the lessee was bound to recognize a proper exercise by the assignee of an option to extend given to the lessee in the lease.

There was a breach by a lessee of an implied covenant not to impair an assignment of the lease made by him where he subsequently wrote the lessor that he refused to be liable for the rent in the event of an extension of the lease through exercise by the assignee of an option for extension contained therein, and where under the applicable law of another State such refusal precluded a valid exercise of the option and relieved the lessor of any obligation to recognize an attempted exercise thereof by the assignee.

Testimony that, contemporaneously with an assignment of a lease by the lessee, the assignee made an oral promise to the lessee to obtain a release of the lessee from his obligations under the lease was ad-

missible as showing that the promise was a part of the actual consideration for the assignment, wherein the consideration was recited to be "one dollar and other good and valuable considerations."

An implied covenant by a lessee not to impair an assignment of the lease made by him, and an oral promise, made by the assignee to the lessee contemporaneously with the assignment and forming part of the consideration therefor, to obtain a release of the lessee from his obligations under the lease, were dependent obligations; and in an action by the assignee against the lessee for breach of the lessee's implied covenant, wherein the lessee set up the defence of breach by the assignee of his oral promise, a ruling that the assignee was "entitled to recover" "on all the evidence" was properly refused.

CONTRACT. Writ in the Superior Court dated February 11, 1937.

The action was heard by *Goldberg*, J.

*C. H. Byrnes*, (*G. Bolton* with him,) for the plaintiff.

*J. B. Abrams*, (*S. Epstein & P. D. Epstein* with him,) for the defendant.

DOLAN, J. This action of contract is brought to recover from the defendant damages for the alleged breach of an implied covenant not to impair the obligation of an assignment of a lease. The case was heard by a judge sitting without a jury. He found for the defendant. The plaintiff having failed through inadvertence to except seasonably to the refusal of the judge to rule that "on all the evidence the plaintiff is entitled to recover," the judge reported the case for determination by this court.

The material facts disclosed by the report follow. On January 23, 1930, the Rochester Factory Holding Company, a New Hampshire corporation, leased certain factory premises located in Rochester, New Hampshire, to the defendant and one Kaplan for the term of five years from the above date at an annual rental of $5,000, payable in equal monthly instalments beginning February 1, 1930. The lessor covenanted to give the lessees an option to extend the lease for the further term of five years on the same terms, "said option to be exercised by said lessee in writing to said lessor on or before the termination of . . . [the] lease." The lessees covenanted "not to lease [the premises demised] nor by it [*sic*], its [*sic*] successors or assigns, to assign, underlet, or permit any other person or persons to

occupy or improve the same . . . but with the approbation of the lessor thereto, in writing having been first obtained . . .." On July 24, 1933, the defendant and others (the others having in the meantime become assignees of Kaplan's interest in the lease) assigned to the plaintiff all right, title and interest ("including all options") in the indenture of lease before referred to for the balance of the term of the lease. On June 9, 1934, the defendant by his attorney notified the lessor that he had assigned the lease, that he waived all of his rights to exercise the options provided for in said lease, and that he would "assume no liability whatsoever in the event said options are exercised by the assignees [*sic*] of said lease with respect to the extended term." On December 17, 1934, an attorney for the plaintiff wrote to the defendant advising him that the plaintiff was attempting to exercise the option for "renewal" of the lease and that the lessor denied that the plaintiff had a right to do so, and stating that it would hold the defendant for any losses "in the way of additional rentals." On October 3, 1934, the plaintiff had notified the lessor that it had decided to exercise the option and was "renewing" the lease for five years beginning January 23, 1935. On November 10, 1934, the lessor had notified the plaintiff in substance that it would not extend the lease under the option, and offered to give the plaintiff a lease for five years beginning January 23, 1935, with an option to renew at the conclusion of the term for a further period of five years, at a rental with a certain guaranty of $6,000 annually, and without the guaranty at a rental of $8,000 annually, provided also that the plaintiff would agree to make a contribution of not less than $100 annually to the Rochester Chamber of Commerce. On January 5, 1935, the plaintiff again notified the lessor in writing that it exercised the option to extend the lease under its terms. On January 9, 1935, the lessor notified the plaintiff that it had no option to extend the lease because the original lessees, the defendant and Kaplan, had no authority to assign the lease as they had not procured the written consent of the lessor to the assignment, and that, if no definite arrangement were arrived at before the expira-

tion of the lease and the plaintiff occupied the premises
after that date (January 23, 1935), it would do so upon the
terms of the lessor's letter of November 10, 1934. On
January 14, 1935, an attorney for the plaintiff wrote to the
lessor suggesting that the dispute be submitted to the Su-
preme Court of New Hampshire, and a petition was filed
by the plaintiff in the Superior Court of that State seeking
a declaratory judgment concerning whether the plaintiff
had validly exercised the option to have the lease ex-
tended.

The petition was transferred to the Supreme Court of
that State. On January 23, 1935, a lease was executed be-
tween the lessor and the plaintiff as lessee for a period of
five years at an annual rental of $6,000, with an option to
extend the lease for three further terms of three years each
on the same terms. This lease was executed pending the
outcome of the petition for determination by the Supreme
Court of New Hampshire of the question whether the
plaintiff had validly exercised the option for extension of
the earlier lease. From the time that the plaintiff occupied
the premises in question until January 23, 1935, the plain-
tiff continued to pay the rental fixed by the earlier lease
and the lessor continued to receive it with knowledge of
the assignment. On June 2, 1936, the Supreme Court of
New Hampshire discharged the case, saying in part that
"The lessees' personal covenant to pay the rent applied to
the extended term. The option provided that if it were
exercised they would pay the rent,[1] and their covenant to
pay rent 'during the term' applied to the full term under
the extension. All the provisions of the lease were to be
continued in any extension as though there were but a
single term of years covering the entire period from the
time the lease commenced. When one of the lessees refused
to be liable for the rent if the option were exercised, it could

---

[1] The option contained in the lease was as follows: "And said lessor cove-
nants to give to said lessee the option to extend said lease for a further term
of five . . . years, the said lessee yielding and paying therefor the rent of
. . . $5,000 per year, payable in equal monthly installments, said option to
be exercised by said lessee in writing to said lessor on or before the termina-
tion of this lease." — REPORTER.

not be exercised according to its conditions. The lessor was under no obligation to accept an exercise of the option varying or excepting its conditions. The lessee's refusal was an act at odds with the conditions of the option, and effectually prevented its valid exercise. The attempt to exercise it without adherence to its requirements created no rights against the defendant. It does not appear that the defendant has waived any of the requirements." *Maybury Shoe Co.* v. *Rochester Factory Holding Co.* 88 N. H. 172, 173. In the present case the trial judge found that that was the law of New Hampshire. There was in evidence the testimony of Mr. Herman A. Mintz, who had represented the defendant in all matters concerning the lease to him and Kaplan and the assignment thereof to the plaintiff. That testimony, so far as material, was in part as follows: In the negotiations preceding the assignment of the defendant's interest in the lease to the plaintiff the latter made an oral agreement with the defendant to secure the assent of the lessor to the assignment and also a release of the defendant from any further liability with respect to the occupancy of the premises by the plaintiff. The plaintiff did not do so. The defendant did not learn of the plaintiff's failure to do so until June, 1934, whereupon the letter of June 9, 1934, above referred to, was sent to the lessor notifying it that the defendant waived his rights to exercise the options provided for in the lease to him and Kaplan, and that he would assume no liability in the event the options were exercised by the assignee of the lease with respect to the extended term. The oral agreement was never reduced to writing. Mr. Mintz further testified that the two things sought to be accomplished at the time of the assignment were (1) selling certain assets, and (2) a release in some form of the defendant's obligation under the lease. The judge found this testimony, as well as the other testimony of Mr. Mintz set forth in the record, to be "fact." The testimony of Mr. Mintz as to the oral agreement above set forth was admitted subject to the plaintiff's exceptions. At the close of the hearing the judge allowed the motion of the defendant to amend his answer by adding thereto the following:

"And the defendant further says that it was understood and agreed between the parties that the plaintiff was to obtain the assent in writing of the lessor to the assignment of the lease, and was further to obtain the release and discharge of the defendant from any further liability with respect to the occupancy of the premises by the plaintiff; that this understanding and agreement was breached by the plaintiff, and the plaintiff is therefore not entitled to prevail in this action." The plaintiff excepted to this action of the judge. The plaintiff presents as the "single issue" in the case whether the plaintiff was entitled to recover on all the evidence, its request for a ruling to that effect having been denied by the judge.

Only questions of law are open upon this report, and the findings of fact of the judge are not to be reviewed. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522. It follows that it must be taken as established that the plaintiff did enter into the oral agreement before referred to and that the plaintiff failed to obtain the release of the defendant from further liability with respect to the occupancy of the premises by the plaintiff.

It has been held in most jurisdictions that the acceptance of rent from an assignee of a lease with knowledge of the assignment constitutes a waiver of a covenant against assignment of the lease by the lessee without the consent of the lessor. That is the law of this Commonwealth. *O'Keefe* v. *Kennedy,* 3 Cush. 325, 327, 328. *Porter* v. *Merrill,* 124 Mass. 534, 541. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130, 134. *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, 34. *Saxeney* v. *Panis,* 239 Mass. 207, 210. *Paeff* v. *Hawkins-Washington Realty Co. Inc., ante,* 144, 145. *Whitehouse Restaurant, Inc.* v. *Hoffman, ante,* 183, 186. That appears to have been recognized as the law of New Hampshire. See *Maybury Shoe Co.* v. *Rochester Factory Holding Co.* 88 N. H. 172, 173; *Emery* v. *Hill,* 67 N. H. 330; *Upton* v. *Hosmer,* 70 N. H. 493. It would seem to follow that the lessor in the present case, having recognized the assignment to the plaintiff, was bound by its terms and was under obligation to recognize the extension provided

for in the lease upon the exercise of the option by the assignee. It is obvious therefore that the reason given by the lessor in its letter of January 9, 1935, for refusing to recognize the exercise by the assignee of the option for an extension of the lease was untenable as matter of law. The law also seems to be settled that, in the event of such an extension, the assignors of the lease would remain liable thereon because of their privity of contract with the lessor. *Realty & Rebuilding Co.* v. *Rea,* 45 Cal. App. 673, 677. *Carrano* v. *Shoor,* 118 Conn. 86, 94, and cases cited. *New York Business Buildings Corp.* v. *James McCutcheon & Co.* 229 App. Div. (N. Y.) 681, 684, affirmed, 257 N. Y. 554. 32 Am. Jur., Landlord & Tenant, §§ 359, 360. See *Delco Appliance Corp.* v. *Selby,* [1934] Can. S. C. R. 684. Compare *Connolly* v. *Rogers,* 292 Mass. 140, where the option to renew was not binding on the lessor. In *Maybury Shoe Co.* v. *Rochester Factory Holding Co.* 88 N. H. 172, nevertheless, as before stated, the court held that the written refusal of the defendant here to be liable for rent in the event of the extension of the lease through exercise of the option by the plaintiff had the effect of relieving the lessor of the obligation to recognize the extension. We feel that this must be accepted as the law of the State of New Hampshire and determinative of that question so far as the present case is concerned.

In defence, however, the defendant relies upon a breach of the oral agreement by the plaintiff to obtain the assent in writing of the lessor to the assignment of the lease, and to obtain the release and discharge of the defendant from any further liability with respect to the occupancy of the premises by the plaintiff. There was no error in the admission of evidence of this oral agreement. It is true in general that evidence of a previous oral agreement between the parties to a written instrument is not admissible to vary the terms thereof, and even if admitted without objection cannot be used for that purpose, but before that rule comes into operation "the court must be sure that it has before it a written contract intended by the parties as a statement of their complete agreement." *Kesslen Shoe Co. Inc.* v. *Philadelphia Fire & Marine Ins. Co.* 295

Mass. 123, 129. It is also well established that the actual consideration for an agreement may always be shown by parol evidence. *Snow* v. *Alley,* 156 Mass. 193, 195. *Fay* v. *Corbett,* 233 Mass. 403, 410, and cases cited. *McCarthy* v. *Fitzgerald,* 296 Mass. 181, 183–184. Am. Law Inst. Restatement, Contracts: § 82. Williston on Contracts (Rev. ed.) § 115B. Wigmore on Evidence (3d ed.) § 2433. And an additional consideration or one different from that stated in the writing may be shown by parol evidence. *Bullard* v. *Briggs,* 7 Pick. 533, 537. *Miller* v. *Goodwin,* 8 Gray, 542, 543. *Goward* v. *Waters,* 98 Mass. 596, 599. *Hill* v. *Whidden,* 158 Mass. 267, 274. *Brooks* v. *Bennett,* 277 Mass. 8, 17. *De Angelis* v. *Palladino,* 318 Mass. 251, 256. See also *McCormick* v. *Proprietors of the Cemetery of Mount Auburn,* 285 Mass. 548, 550–551; *MacLaren* v. *Windram Manuf. Co.* 287 Mass. 221, 227; *Montuori* v. *Bailen,* 290 Mass. 72, 74, and cases cited. The consideration in the assignment in the present case was recited in the conventional phrase, "In consideration of one dollar and other good and valuable considerations this day paid to us . . .." It cannot be said as matter of law that the judge improperly admitted the evidence of the oral agreement and could not properly have found that the oral agreement was part of the consideration for the assignment of the lease. It is urged, however, by the plaintiff that, even if the evidence of the oral agreement was admissible, that agreement is not a bar to the present action because it was an independent promise the breach of which must be availed of as an independent cause of action. The oral agreement must be treated as an integral part of the agreement of assignment and construed therewith as a whole, and thus construed we are of opinion that the implied covenant not to impair the obligation of the assignment and the agreement of the plaintiff to procure the release of the defendant from further liability with respect to the occupancy of the premises by the plaintiff under the assignment could have been ruled properly to be dependent and not independent promises. A breach of the latter agreement is not one that is readily compensable in damages.

It follows from what we have said that it cannot be ruled as matter of law that the trial judge erred in denying the plaintiff's request for a ruling that "on all the evidence the plaintiff is entitled to recover."

*Judgment for the defendant on*
*the finding.*