LOUIS F. RICCIARDONE & others vs. G. ROBERT CARVELLI
& another
(and a companion case[1]).

Middlesex.   May 9, 1956. — May 31, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Building contract, Performance and breach.   *Practice, Civil*,
Requests, rulings and instructions.   *Error*, Whether error harmful.

At the trial together of an action by a contractor against the owner of a
building for a balance due for installation of heating equipment therein
and a cross action by the owner for breach of the installation contract,
conflicting evidence warranting a finding that there had been an in-
tentional departure from the contract in substantial respects by the
contractor made proper a refusal of a ruling requested by him in his
action that the evidence was insufficient to warrant a finding for the
defendant owner and a refusal of a ruling requested by the contractor
in the cross action that the evidence was insufficient to warrant a
finding for the plaintiff owner.   [230, 231]

Error by a judge hearing an action without jury in refusing, on conflict-
ing evidence, a ruling requested by the plaintiff that the evidence war-
ranted a finding in his favor was harmless where it was apparent that
a finding for the defendant was reached as a matter of fact on con-
sideration of the evidence, independently of and uninfluenced by the
judge's dealing with the request.   [231]

TWO ACTIONS OF CONTRACT.   Writs in the First District
Court of Eastern Middlesex dated May 13, 1954, and
May 25, 1954, respectively.

The actions were heard by *Schofield, J.*

*John J. Crimmins*, for Ricciardone and others.

No argument nor brief for Carvelli and another.

SPALDING, J.   These are two actions of contract which
were tried together.   In one, the plaintiffs seek to recover
from the trustees of the Stoneham Realty Trust the bal-
ance alleged to be due them for the installation of a steam
boiler on premises owned by the trustees.   In the other, a

_____
[1] The companion case is by the defendants in the first case against the
plaintiffs in the first case.

cross action, the plaintiffs (original defendants) seek to recover from the defendants (original plaintiffs) for breach of contract in connection with the installation of the boiler. For convenience the original plaintiffs and defendants will hereinafter be referred to as the contractors and the trustees respectively.

There was evidence of the following: The contractors agreed with the trustees to install a steam boiler on the latter's premises which consisted of two old buildings with two cellars, in each of which was a boiler. The new boiler was to replace the two old boilers. The contractors were "to utilize the existing pipes, returns, radiators, etc., wherever possible." Part of the agreement was verbal and part in writing. The written portion recited that the "system was to be zoned" so that there would be one zone for the first and second floor levels, and another zone for the third floor. According to the contractors, they were told to do a good job and to use their judgment, when necessary. But the trustees' evidence was otherwise. The contractors also introduced evidence to the effect that a change in the zones was agreed to, but the trustees deny that such an agreement was made. After the boiler was installed, occupants of the building heard a "knocking and banging" in the pipes, and the trustees brought this to the attention of the contractors. The trustees later discovered that the zoning was different from that called for by the agreement. An expert testified that the work was improperly done, and gave estimates of what it would cost to correct it. The contract price was $2,140, of which $1,900 was paid, leaving a balance of $240. The trustees were willing to pay this balance if the contractors corrected the defects in the work. The judge took a view.

In the main action the judge found for the trustees. In the cross action she found for the trustees in the sum of $725. She made findings of fact which include the following: Under the agreement entered into by the parties the first and second floors were to be joined in one zone, and the third floor was to be put into another zone. The third

floor, however, was not zoned separately, and the failure to do this constituted a substantial deviation from the terms of the agreement. The boiler was incorrectly installed and there were "various other unworkmanlike matters connected with the job — including the size and pitching of some of the pipes, the size of the return lines, the placement of the valves and omission of a T to put on an elbow." There was an "excessive amount of thumping and banging in the pipes and radiators" which caused much disturbance to the trustees' tenants. The trustees, without success, on many occasions requested the contractors to remedy the defects.

The questions for decision arise out of certain requests for rulings presented by the contractors. In the main action the requests were: "1. The evidence warrants a finding for the plaintiffs on an oral contract. 2. The evidence is insufficient to warrant a finding for the defendants. 3. The evidence is sufficient to warrant a finding for the plaintiffs on a quantum meruit." In the cross action the request was: "1. The evidence is insufficient to warrant a finding for the plaintiffs." The judge denied all of these requests. Reports to the Appellate Division were dismissed and the contractors appealed.

There was no error.

We shall deal first with the requests in the main action. There was no error in the denial of the second request. The granting of that request would have amounted to a ruling that as matter of law the contractors were entitled to recover. Plainly such a ruling could not properly have been given. It could have been found on the evidence that there was a wilful departure or default by the contractors in the performance of a substantial stipulation of the contract. In such a case there could be no recovery either upon the contract or upon a quantum meruit.[1] *Glazer* v. *Schwartz,* 276 Mass. 54, 57. *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 232–233. *Andre* v. *Maguire,* 305 Mass. 515. *LeBel* v. *McCoy,* 314 Mass. 206, 209–210.

---

[1] The contractors' declaration contained a count on the express contract and a count on a quantum meruit.

The first and third requests ought to have been granted, because a finding for the contractors was warranted. As we have said many times such requests can be properly denied only when a finding for the defendant is required as matter of law. *Bresnick* v. *Heath,* 292 Mass. 293, 298. While, as stated above, a finding for the trustees was permissible, it was not required. But the failure to give these requests was not error in the circumstances. It has been held many times that the failure to give such a request may be made immaterial by the findings of the judge. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Brodeur* v. *Seymour,* 315 Mass. 527. *Liberatore* v. *Framingham,* 315 Mass. 538, 541. Here the judge, after a consideration of all the evidence, made findings that rendered the ruling of no consequence. We have no doubt that she intended her findings to stand by themselves and that she was not influenced in making them by the manner in which she dealt with the requests for rulings. However, as we have frequently observed, "where a judge in making his decision does consider all the evidence, and his decision does not result from any conviction that the evidence is insufficient as matter of law, he need not hesitate to grant such a requested ruling if he believes it to be correct, instead of raising a really moot but nevertheless dangerous question by refusing or ignoring it." *Liberatore* v. *Framingham,* 315 Mass, 538, 541–542.

Turning to the request in the cross action there was no error in its denial. On one version of the evidence it could have been found that the contractors failed to fulfil their obligations under the contract. Plainly they were not entitled to a ruling that a finding for the trustees was not warranted.

The contractors have argued that the amount of damages awarded in the cross action was improper, but on this record that question is not open.

*Orders dismissing reports affirmed.*