*Northern District*

No. 5013

**JOHN B. HARVEY, JR.**

**v.**

**CLARENCE ZARREN, d/b/a**
**ZARREN MOTORS**

(December 31, 1956)

*Brooks, J.* This is an action of contract or tort for damage to plaintiff's automobile alleged to have been caused by defendant's negligence in failing to drain plaintiff's radiator with the result that water froze and the engine block was cracked. The answer is general denial.

*There was evidence* from defendant that on November 26, 1954, plaintiff's father, who lived in Belmont, telephoned to defendant, a long-time friend engaged in the automobile repair business, requesting him to tow plaintiff's car, which had been damaged by fire and needed repairs, from Belmont to defend-

ant's place of business in Woburn. Defendant testified that he was told not to make repairs till plaintiff's insurance adjuster had seen the automobile. Defendant towed the car to his place of business where it was placed in an open lot.

Plaintiff's father testified substantially as above, except that he denied telling defendant not to make repairs till after the inspection by the insurance agent. The day after the car was towed away, he asked defendant to have it ready in three days but that defendant said he was very busy and probably could not do the job in that time. Two days later plaintiff called defendant, who said he could not get the car ready in the time desired by plaintiff. Plaintiff told him to fix it as soon as possible. Plaintiff then went to Las Vegas where he was stationed militarily, leaving the car in Woburn.

On December 25, plaintiff returned to Massachusetts and found that no repairs had been made on the car. December 28, he telephoned defendant who again said that he was too busy to fix the car. Plaintiff told him to get it ready as soon as possible. An hour after this conversation, defendant telephoned plaintiff that the engine block was cracked.

Plaintiff went to defendant's establishment and found the block to be cracked. He blamed defendant for not having drained the radiator. Defendant denied responsibility but offered to provide labor and installation of a new block if plaintiff would pay for it. Plaintiff refused the offer and took the car away. No repair service record had been made out by defendant, no repairs had been made on the car, nor had he made any charge for towing and storage. The insurance adjuster first went to defendant's premises to see the car December 28.

Defendant made the following requests for rulings which the court disposed of as hereinafter noted:

1. On all the evidence a finding for the defendant is warranted. *Denied.*

2. As a matter of law, the defendant was a gratuitous bailee of the plaintiff's motor vehicle. *Denied.*

3. As a matter of law, no contract was ever entered into between the plaintiff and the defendant. *Allowed.*

4. As a matter of law, no consideration moved from the plaintiff to the defendant with regard to the storage of the plaintiff's motor vehicle. *Allowed.*

5. As a matter of law, a gratuitous bailee is liable only for gross negligence or wanton or reckless conduct, in his conduct with regard to a chattel. (*Altman v. Aronson,* 231 Mass. 588; *Rubin v. Huhn,* 229 Mass. 126.) *Allowed.*

6. As a matter of law, a bailee for hire is not an insurer of property. *Allowed.*

The court entered a general finding for plaintiff for $333.00 without further findings of fact.

Defendant claimed to be aggrieved by the court's denial of defendant's requests Nos. 1 and 2 and by the general finding for plaintiff after allowing requests Nos. 3 and 4.

There was error in denying defendant's first request for ruling. Rule 27 of the District Courts provides: "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence,' in a case admitting of specifications of the grounds upon which such request is based unless such grounds are specified in the request and then only upon the grounds so specified."

This rule has been interpreted in many cases to apply where the request is, "on all the evidence plaintiff (or defendant as the case may be) is entitled to a finding." *Holton v. American Pastry Products Corp.,* 274 Mass. 268, 270. *Duralith Corp. v. Leonard,* 278 Mass. 397, 400. Unless specifications accompany the request, no appeal lies as of right to a denial of the request. *Magrath v. Sheehan,* 296 Mass. 263. *Gibbons v. Denoncourt,* 297 Mass. 448, 450. The reasons for the rule are well stated in *Holton v. American Pastry Products Corp., supra.*

Defendant's first request in this case is different

in language from the request in the cases cited above. The request reads: "On all the evidence a finding for the defendant is warranted." There is a material difference between the implication in the words 'required' and 'warranted.' " This is well-illustrated in those cases where in one instance the request is that there is evidence to require a finding and in the other instance that there is evidence to warrant a finding. In the first instance, if the court grants such a request, it must find for the party who files it. In the second instance, the court can grant the request but still find against the party making the request. *Bresnick v. Heath,* 292 Mass. 293. *Liberatore v. Framingham,* 315 Mass. 538, 541, 542. *Ricciardone v. Carbelli,* 334 Mass. 228, 231.

We know of no case in which the court has held that a request that on all the evidence the finding is warranted calls for specifications. We are inclined to think that broad as Rule 27 is, it was not intended to apply and does not apply to such a request as we are dealing with here. There was evidence here and the court should have granted the request.

Denial of the second request was in our opinion reversible error since the facts presented in the report call for a ruling as a matter of law that defendant was a gratuitous bailee. Everything about defendant's conduct was of a gratuitous nature. This is borne out by the allowance of requests Nos. 3 and 4. If defendant was a gratuitous bailee, he was liable only for gross negligence or bad faith. *Rubin v. Huhn,* 229 Mass. 126. *D. A. Schulte v. North Terminal,* 291 Mass. 251, 257. *Altman v. Aronson,* 231 Mass. 588. There is no finding here either of bad faith or gross negligence and none could properly be made on the facts presented in the report.

Plaintiff bases his argument for recovery mainly on the alleged evidence that defendant took charge of the car having agreed to drain the radiator and that not having done that, with the result that the

engine block cracked, he is liable under the case of *Black v. N.Y., N.H. & H.RR*, 193 Mass. 448. There is no evidence in the report of any undertaking by defendant to drain the radiator. This differentiates it from the above case in a most important aspect. Even were the element of agreement part of the present picture, so as to provide a closer analogy with *Black v. N.Y., N.H. & H.RR.*, the nature of the negligence in the two cases is very different. For example, there is here no consideration and the act complained of is one of omission rather than commission. The plaintiff in *Black v. N.Y., N.H. & H.RR.*, had paid a fare, was on defendant's property at the time of injury and was abandoned by defendant's employees in a dangerous location considering his condition.

*Black v. N.Y., N.H. & H.RR.*, is an exception to the general rule that no duty arises out of a transaction of this nature. No case has been cited in support of the contention that the doctrine in the above case should be extended to the facts presented in the case before us.

In any event, for reasons above stated, we believe reversible error was committed by the trial court in its denial of requests Nos. 1 and 2, and its general finding. *The judgment for plaintiff is to be vacated and case remanded for a new trial.*

Jack J. Moss, L. S. Cramer, for the plaintiff.
William Levenson, for the defendant.