*Southern District*
## ATLAS OIL CORP.
v.
## ABRAHAM SILVERMAN

*Present*: Nash, C.J., *Cox, Lee, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline No. 1056 of 1964.

*Cox, J.* In this action of contract the plaintiff seeks to recover a balance of $233.92 due for fuel oil sold and delivered to the defendant and also a balance of $288.90 due under a contract in writing for plumbing and heating work. In addition to a general denial and an allegation of payment the defendant also alleged failure on the plaintiff's part to furnish radiators, to properly insulate heating pipes, and a failure to credit the defendant with a discount of one cent per gallon on fuel oil sold.

There was a finding for the plaintiff in the amounts claimed in each count.

The case was reported for our determination because the defendant claims to be aggrieved by the allowance of his request for rulings numbers 1, 2 and 3, followed by the finding for the plaintiff, and by the denial of numbers 5, 6 and 10.

The justice specially found that the plaintiff performed its agreement with the defendant in all respects and that the defendant was not entitled to any damages. He also found that the plaintiff agreed to sell fuel oil to the defendant, and a few months after that agreement was made, agreed to give the defendant a discount of one cent per gallon on monthly bills paid within ten days.

The first two requested rulings which the justice allowed were that upon all the evidence and the law a finding for the defendant is warranted. The defendant contends, that having allowed the requests that the finding for the defendant was warranted, the justice should then have found for the defendant. Such is not the law. In allowing the requests although finding for the plaintiff the justice recognized, that while a finding for the defendant was warranted, it was not required, as the evidence was conflicting. It might have been error to have denied the requests under those circumstances. There was in fact evidence which supported the findings for the plaintiff. In a case such as this in which the evidence is conflicting the justice followed accepted practice in allowing the defendant's requests and

then finding for the plaintiff. *Bresnick v. Heath,* 292 Mass. 293, 298, 299. *Perry v. Hanover,* 314 Mass. 167, 173-176. *Hoffman v. Chelsea,* 315 Mass. 54. *Brodeur v. Seymour,* 315 Mass. 527. *Liberatore v. Framingham,* 315 Mass. 538. *Ricciardone v. Carvelli,* 334 Mass. 228, 231.

The defendant testified that the plaintiff had agreed, but had not, installed a second radiator in an upstairs bedroom, insulated pipes in the front hall, nor furnished covers for radiators in the kitchen. He also testified that he was to receive a discount of one cent per gallon on the price for all fuel oil delivered without regard to the date of payment. On the other side there was testimony that the plumbing and heating work called for in the contract had all been performed and that no complaints were received from the defendant for a period which could have been found to have been approximately five years and six heating seasons after the work was finished.

The plaintiff's treasurer admitted that a second radiator had not been installed in the upstairs bedroom; that the pipes in the front hallway were not insulated; and that covers were not furnished for the radiators in the kitchen. As to these items the short answer is that the contract did not call for them. But, in addition, the justice found that the plaintiff had fully performed the contract in all respects. From all that appears in the report the conclusion is warrented, if not re-

quired, that the written contract was intended by the parties to express their complete agreement. *Maybury Shoe Co. v. Izenstatt,* 320 Mass. 397, 403.

The justice allowed the defendant's request number 3 that 21,201 gallons of fuel oil had been delivered to the defendant. There was evidence, contrary to that given by the defendant, that the defendant was to receive the one cent per gallon discount only on such bills as were paid within ten days, and that the defendant received the discount on all payments so made, as well as on some bills which were paid after the ten day period. This evidence supports the finding that the defendant has received all discounts to which he is entitled.

It follows that there was no error in denying the defendant's requests numbers 5 and 6. They are respectively that the court should find that the defendant was not credited with the one cent per gallon discount, and that the court should find that the plaintiff should credit the defendant with $212.01 against its claim for the balance due for fuel oil. As there was conflicting evidence such findings were not required. The requests were in effect requests for findings of facts which the justice was not required to allow and they are not reviewable. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

For the same reasons number 10 was rightly denied. It was that there should be a finding that the plaintiff in bad faith failed to

keep the contract and is therefore barred from recovery. It too was a request for a finding of fact which the justice was not required to grant and besides there was evidence that the plaintiff had performed its contract in all respects and the justice so found.

No error is shown. The report should be dismissed.

Louis H Casson of Boston, for the Defendant.

Harvey H. Goldberg of Boston for the Plaintiff.

