Tiffany, J.
This is an action in contract wherein the plaintiff seeks to recover the sum of $5,000 plus interest and attorney’s fees on a promissory note executed between the plaintiff and the defendant.
On June 29, 1978, both parties being represented by counsel, entered into a series of agreements for the sale of a beauty shop from the plaintiff to the defendant for $ 10,000. At the time of the contract, $5,000 was paid to the plaintiff and the remaining $5,000 given in the form of a promissory note. Defendant took immediate possession of the beauty shop on June 27, 1978 and paid the lessor the rent for July twelve days late. Defendant’s rental checks for September and October were returned to the lessor for insufficient funds. This aspect of the case becomes important because of a covenant in the plaintiffs lease with the lessor which sets forth in part that:
The lessee (plaintiff in the case at bar) further covenants that she will not assign the lease nor underlet the whole or any part of said premises without first obtaining, on each occasion, the consent in writing of the lessor which the lessor will not unreasonably withold...
One of the terms of the purchase and sales agreement sets forth:
Seller shall, at the time of closing, provide an executed assignment to the buyer of the existing lease to the premises..., with lessor’s acknowledgment thereon as follows:
Lessor acknowledges that all obligations to be performed by lessee under said lease had been performed to lessor’s satisfaction as of the date of the assignment hereof, and lessor hereby waives any and all claims and/or defaults heretofore existing under said lease.
Shortly after June 29, 1978, the date of the closing, the plaintiff asked the lessor to provide the acknowledgment whereupon, the lessor refused because of late rent payment by the defendant and receipt of checks with insufficient funds. The lessor continued to accept rental payment from defendant until September, 1979, when the defendant vacated the premises. There was evidence that the defendant made one payment of $200 on the $5,000 promissory note in September of 1978.
*82 Defendant counterclaimed for breach of the purchase and sales agreement and two counts of misrepresentation, one as to the gross receipts and a third as to the assignment of the lease.
The court found that the plaintiff was in breach of her personal covenants and made specific findings of fact with judgment for the defendant in this case in the main and for the defendant on the breach of contract and the misrepresentation of the assignment. There was a finding for the plaintiff on defendant’s counterclaim for a misrepresentation of the gross receipts.
This matter comes to the present Division on the denial of plaintiff’s Requests for Rulings of Law Nos. 1 through 4.
# 1. The court would be warranted in finding that on or about June 29, 1978, William F. Thompson signed and delivered to Jeane M. Penney a promissory note in the amount of $5,000.00 with interest at the rate of 12 percent per annum, together with all reasonable costs of collection including reasonable attorney’s fees; and as a matter of law, William F. Thompson owes to Jeanne M. Penney $5,000.00 plus interest at 12 percent from June 29,1978 plus reasonable attorney’s fees in the amount of $500.00.
#2. The court would be warranted in finding that on or about June 29, 1978, Jeanne M. Penney assigned to William F. Thompson all her right, title and interest in a lease with The Village Green Realty Corporation for real estate known as 22-24 Woburn Street, Reading, MA, and that the lessor had knowledge of the assignment of the lease and accepted rent from William F. Thompson, assignee of the lease, and as a matter of law, the acceptance of the rent from an assignee of a lease with knowledge of the assignment constitutes a waiver of a covenant against assignment of the lease by the lessee without lessor’s consent. Maybury Shoe Co. v. Izenstatt, 320 Mass. 397.
#3. Where lessor accepted rent from assignee of lease with the knowledge of assignment without lessor’s permission as required by the lease, lessor was bound by the assignment, Maybury Shoe Co. v. Izenstatt, supra.
#4. Where a lease is assigned and the assignee had possession, he becomes the tenant of the lessor and is bound by all covenants in the lease which are not merely personal covenants; he is accordingly liable to the lessor for rent accruing while he is in possession. It is not necessary for the assignee to execute any writing nor make any express agreement with the lessor. His liability in such case depends on privity of estate and not on privity of contract.
The trial judge denied requests #1 through #4 as being inconsistent with and inapplicable to the facts as found.
The trial judge made special findings of fact wherein he set forth that the plaintiff did not perform her covenant not to sublet without securing the landlord’s written assent.
The plaintiff’s reliance on Maybury Shoe Co. v. Izenstatt, 320 Mass. 397, although a correct proposition of law, is misplaced. The issue before the court is of breach of contract between the parties and misrepresentation. The lessor of the premises is not a party to the suit.
The issue of liability for the unpaid rent was. not before the trial justice and consequently is not before this Division.
Request for Rulings of Law # 1 and #2 recite that, as a matter of law, the defendant, Thompson, owes the plaintiff, Jeanne M. Penney, and the acceptance of rent by the lessor constitutes a waiver, are readily disposed of by the court’s finding that consideration of the purchase price was performance of plaintiff’s covenant to which she was bound under the agreement. A party may claim a report to the Appellate Division only *83 with respect to rulings of law and not to findings of fact, M.G.L.A. c. 231, § 198. Butler v. Cromatrie, 339 Mass. 4.
Requests #3 and #4 attach great weight to Maybury Shoe Co. v. Izenstatt, supra, which unfortunately for the plaintiff has no bearing on the issue before the court. Any attempts to interpose the actions actual or implied at law of the lessor are immaterial to the controversy before the court.
The Requests for Rulings of Law #1 through #4 were properly denied.
There being no error, the report is dismissed.

So ordered.